CITY OF KANSAS CITY, Missouri,
Respondent,

v.

Robert J. DARBY, Appellant.

CITY OF KANSAS CITY, Missouri,
Respondent,

v.

Edgar E. HERZMARK, Appellant.

No. 59595.

Supreme Court of Missouri,
En Banc.

Dec. 13, 1976.

Rehearing Denied Jan. 10, 1977.

Donald V. Pierce, Jr., Thomas W. Tierney, Kansas City, for appellant.

Daniel G. Jackson, III, Associate City Atty., David C. McConnell, Asst. City Prosecutor, Kansas City, for respondent.

DONNELLY, Judge.

These cases involve the law relating to obscenity. The judgments of conviction were affirmed by the Missouri Court of Appeals, Kansas City District. On June 15, 1976, both cases were transferred to this Court by this Court. They will be determined here "the same as on original appeal." Mo.Const. Art. V, § 10.

*CITY OF KANSAS CITY vs. DARBY:*

Robert J. Darby was charged in the Municipal Court of Kansas City, Missouri, with exhibiting an obscene motion picture on August 9, 1973, in violation of an ordinance of Kansas City. He was tried in the Municipal Court, without a jury, and was convicted. He appealed to the Circuit Court of Missouri, Sixteenth Judicial Circuit.

In the Circuit Court, Darby filed several pre-trial motions. Among these was a Motion to Dismiss which asserted, in part, that the charges pending against him should be dismissed because he "was denied in the Municipal Court trial below the right to have community standards with regard to the question of obscenity determined by a jury * * *." The motion to dismiss was overruled, the cause proceeded to trial before a jury, Darby was convicted, and his punishment was fixed at "hundred twenty days confinement, five hundred dollar fine."

The parties agree that the Municipal Court was barred by ordinance from providing Darby with a trial by jury.

In *Miller v. California*, 413 U.S. 15, 93 S.Ct. 2607, 37 L.Ed.2d 419 (1973), the United States Supreme Court reformulated the constitutional tests for determining obscenity under the First and Fourteenth Amendments to the Constitution of the United States. In *Hamling v. United States*, 418 U.S. 87, 94 S.Ct. 2887, 41 L.Ed.2d 590 (1974), the Court explained the *Miller* holding. In *McNary v. Carlton*, 527 S.W.2d 343 (banc 1975), this Court construed *Miller*, as explained in *Hamling*, to mean that, in determining obscenity under the First and Fourteenth Amendments, a jury determination of contemporary community standards is constitutionally required.

Accordingly, we must conclude that a constitutionally acceptable determination of obscenity cannot be made in the Municipal Court in Kansas City because no jury is available.

The question presented in the Darby case is whether this constitutional deficiency can be cured by the process of allowing an appeal to the circuit court and making a jury available there.

In *Callan v. Wilson*, 127 U.S. 540, 8 S.Ct. 1301, 32 L.Ed. 223 (1888), Callan was charged with conspiracy in the Police Court of the District of Columbia and convicted. He perfected an appeal to the Supreme Court of the District of Columbia (in which a trial by a jury would have been available to him), withdrew the appeal and was committed to the custody of the Marshal. On appeal to the United States Supreme Court, he contended "that the Constitution of the United States secured to him the right to be tried by a jury, and, that right having been denied, the police court was without jurisdiction to impose a fine upon him, or to order him to be imprisoned until such fine was paid." The Supreme Court sustained his contention, and said (127 U.S., at 557, 8 S.Ct. at 1307):

"* * * Except in that class or grade of offences called petty offences, which, according to the common law, may be proceeded against summarily in any tribunal legally constituted for that purpose, the guarantee of an impartial jury to the accused in a criminal prosecution, conducted either in the name, or by or under the authority of, the United States, secures to him the right to enjoy that mode of trial from the first moment, and in whatever court, he is put on trial for the offence charged. In such cases a judgment of conviction, not based upon a verdict of guilty by a jury, is void. To accord to the accused a right to be tried by a jury, in an appellate court, after he has been once fully tried otherwise than by a jury, in the court of original jurisdiction, and sentenced to pay a fine or be imprisoned for not paying it, does not satisfy the requirements of the Constitution. When, therefore, the appellant was brought before the Supreme Court of the District, and the fact was disclosed that he had been adjudged guilty of the crime of conspiracy charged in the information in this case, without ever having been tried by a jury, he should have been restored to his liberty."

We consider the *Callan* holding extremely persuasive. If it is to be followed, Darby should be discharged.

First, however, we must consider the possible impact of *Ludwig v. Massachusetts*, —— U.S. ——, 96 S.Ct. 2781, 49 L.Ed.2d 732, decided by the United States Supreme Court on June 30, 1976.

In *Ludwig*, the accused was convicted in the District Court of Northern Norfolk in a

proceeding in which no jury was available. He then asserted his statutory right to a trial de novo before a jury. In the de novo proceeding he asserted that he had been deprived of his federal constitutional right to a speedy jury trial in the first instance, and that he had been subjected to double jeopardy. At the second trial he was again convicted. The Supreme Court of the United States rejected his assertions and held that the Massachusetts "two-tier" court system violated neither his Fourteenth Amendment right to a trial by jury nor the double jeopardy clause of the Fifth Amendment. The significant language in *Ludwig*, for our purposes, is as follows (—— U.S. at ——, 96 S.Ct., at 2787, 49 L.Ed.2d at 741):

"Our disposition of this case does not require us to disturb the holding in *Callan v. Wilson*, 127 U.S. 540, 8 S.Ct. 1301, 32 L.Ed. 223 (1888). In *Callan*, this Court considered the validity of a District of Columbia two-tier trial system that provided for trial by jury only in the second tier. The Court announced: 'Except in that class or grade of offences called petty offences, which, according to the common law, may be proceeded against summarily in any tribunal legally constituted for that purpose, the guarantee of an impartial jury to the accused in a criminal prosecution, conducted either in the name, or by or under the authority of, the United States, secures to him the right to enjoy that mode of trial from the first moment, and in whatever court, he is put on trial for the offence charged.' Id., at 557, 8 S.Ct. 1301, 32 L.Ed. 223.

"Reconsideration of *Callan* is not required here for two reasons. First, as the Court there recognized, the sources of the right to jury trial in the federal courts are several and include Art. III, § 2, cl. 3, of the Constitution. That provision requires, in pertinent part, that '[t]he trial of all Crimes . . . shall be by Jury.' This language, which might be read as prohibiting, in the absence of a defendant's consent, a federal trial without a jury is, of course, not applicable to the States. Second, to the extent that the decision in *Callan* may have rested on a

determination that the right to trial by jury in a serious criminal case was unduly burdened by a requirement that an accused first be tried without a jury, it is not controlling here. Unlike the District of Columbia system, which apparently required that an accused be 'fully tried' in the first tier, 127 U.S. at 527, 8 S.Ct. 1301, 32 L.Ed. 223, Massachusetts permits an accused to short-circuit trial in the first tier by admitting to sufficient findings of fact."

We recognize that the *Ludwig* holding casts a shadow on the holding in *Callan*. However, the *Ludwig* opinion disavows any intention of overruling *Callan*, and we consider the *Callan* holding and result uniquely appropriate in situations involving resolution of obscenity issues under the *Miller* guidelines. In *Miller*, the Court noted "that obscene material is unprotected by the First Amendment" but then acknowledged "the inherent dangers of undertaking to regulate any form of expression." (413 U.S., at 23, 93 S.Ct. at 2614). In our view, we are free to follow the *Callan* holding, and we believe we should apply it to a situation where First Amendment rights are involved.

In *Blount v. Rizzi*, 400 U.S. 410, 416–417, 91 S.Ct. 423, 428, 27 L.Ed.2d 498, 503 (1970), the Supreme Court of the United States cautioned that ". . . Government 'is not free to adopt whatever procedures it pleases for dealing with obscenity . . . without regard to the possible consequences for constitutionally protected speech.' *Marcus v. Search Warrant*, 367 U.S. 717, 731, 81 S.Ct. 1708, 6 L.Ed.2d 1127 (1961). Rather, the First Amendment requires that procedures be incorporated that 'ensure against the curtailment of constitutionally protected expression, which is often separated from obscenity only by a dim and uncertain line. . . . Our insistence that regulations of obscenity scrupulously embody the most rigorous procedural safeguards . . . is . . . but a special instance of the larger principle that the freedoms of expression must be ringed about with adequate bulwarks. . . .' *Bantam Books*,

*Inc. v. Sullivan,* 372 U.S. 58, 66, 83 S.Ct. 631, 9 L.Ed.2d 584 (1963). Since we have recognized that 'the line between speech unconditionally guaranteed and speech which may legitimately be regulated . . . is finely drawn. . . . [t]he separation of legitimate from illegitimate speech calls for . . . sensitive tools . . . .' *Speiser v. Randall,* 357 U.S. 513, 525, 78 S.Ct. 1332, 2 L.Ed.2d 1460 (1958)."

We held in *McNary* that a person is entitled to freedom of expression, in areas of alleged obscenity, *until* a jury of his peers declares otherwise. We merely reaffirm the *McNary* holding today and give it practical effect. The essential question is whether it is constitutionally permissible to allow a municipal judge to restrict freedom of expression prior to the time a jury is made available in circuit court. We think not.

■ We hold, *in obscenity cases only*, that a trial by jury is required in the first instance and that a trial by jury after appeal to circuit court "does not satisfy the requirements of the Constitution." (127 U.S., at 557, 8 S.Ct. at 1307).

■ We recognize that today's holding renders the Kansas City obscenity ordinance unenforceable so long as juries are not permitted in Kansas City municipal courts. However, the chief executive officer of Kansas City, or its city attorney, may proceed under Section 563.285, RSMo 1969, in matters of alleged obscenity.

The judgment is reversed, and the cause remanded with directions to discharge Darby from custody.

*CITY OF KANSAS CITY v. HERZMARK:*

■ Edgar F. Herzmark was charged in the Municipal Court of Kansas City, Missouri, with exhibiting two obscene motion pictures on July 23, 1973, in violation of an ordinance of Kansas City. He was tried in the Municipal Court, without a jury, and was convicted. He appealed to the Circuit Court of Missouri, Sixteenth Judicial Circuit.

In the Circuit Court, he received a trial and the jury was unable to reach a verdict. He then stipulated that for the purposes of this case only the films are obscene under the *Miller* guidelines, withdrew his request for jury trial, was found guilty of exhibiting obscene materials, and his punishment was assessed at a fine of five hundred dollars.

Herzmark first asserts on appeal that he was deprived of trial by jury as prescribed by *Miller.* The assertion is without merit. He stipulated the motion pictures are obscene.

Herzmark next asserts that the Kansas City ordinance is impermissibly vague and overly broad. The assertion is without merit. *Kansas City v. O'Connor,* 510 S.W.2d 689 (Mo.banc 1974).

Herzmark finally asserts that the Kansas City ordinance is invalid in that it provides no procedural safeguards against the suppression of protected expression as required by *Heller v. New York,* 413 U.S. 483, 93 S.Ct. 2789, 37 L.Ed.2d 745 (1973), and *Roaden v. Kentucky,* 413 U.S. 496, 93 S.Ct. 2796, 37 L.Ed.2d 757 (1973). The assertion is without merit. *Kansas City v. O'Connor,* supra.

The judgment is affirmed.

MORGAN, BARDGETT, HENLEY and FINCH, JJ., concur.

SEILER, C. J., concurs as to Darby, concurs as to Herzmark under compulsion of *Kansas City v. O'Connor,* 510 S.W.2d 689 (Mo.banc 1974).

HOLMAN, J., dissents.