John C. MARTIN, Respondent,

v.

The MUNICIPAL COURT OF KANSAS CITY, Missouri, et al., Appellants.

No. 59490.

Supreme Court of Missouri,
En Banc.

Dec. 30, 1976.
Rehearing Denied Feb. 14, 1977.

Dan G. Jackson, III, Asst. City Atty., Kansas City, for appellants.

Errol Copilevitz, Kansas City, for respondent.

DONNELLY, Judge.

On July 7, 1975, John C. Martin was summoned to appear in the Municipal Court of Kansas City, Missouri, to answer a charge that he had exhibited an obscene movie. The case was continued from time

to time and on September 23, 1975, counsel for Martin filed a Motion to Dismiss and a Request for Jury Trial. The Municipal Court overruled the Motion and denied the Request and set the matter for hearing on October 28, 1975. Counsel for Martin then, on September 23, 1975, filed his Petition for Writ of Prohibition with the Circuit Court of Missouri, Sixteenth Judicial Circuit. On September 23, 1975, the Honorable J. Donald Murphy, Judge of the Circuit Court, issued a Preliminary Writ of Prohibition.

The parties then filed pleadings and stipulations as to facts and, on February 3, 1976, Judge Murphy decided the issues in Martin's favor and entered the following conclusions of law:

"1. That by reason of the specific prohibition contained in Kansas City, Missouri, Code Section 22.1 (1968) * * *, the Municipal Court of Kansas City, Missouri, cannot provide a jury in the trial of alleged violations of said city's obscenity ordinances.

"2. That under the decisions of the United States Supreme Court and the Supreme Court of the State of Missouri in *Miller v. California*, 413 U.S. 15, 93 S.Ct. 2607, 37 L.Ed.2d 419 (1973) and *McNary v. Carlton, et al.*, [527 S.W.2d 343], Case No. 58,371 (Mo. banc September 8, 1975), respectively, the courts of this state, including those of its municipal subdivisions, cannot proceed in the prosecution of an alleged violation of an obscenity law or ordinance without first impaneling a jury to determine the issues of obscenity pursuant to the guidelines set forth in *Miller, supra*. Accordingly, the exercise of jurisdiction in such cases by the Municipal Court of Kansas City, Missouri, without the ability to provide a jury as the trier of fact as to the issues of obscenity contained in the charges against the plaintiff herein, would be a clear violation of the mandates set forth in the decisions of the United States Supreme Court and the Missouri Supreme Court en Banc aforesaid, * * *."

Appellants appealed to this Court. Section 530.080, RSMo 1969; Rule 97.06.

The parties agree that the Municipal Court was barred by ordinance from providing Martin with a trial by jury.

In *Miller v. California*, 413 U.S. 15, 93 S.Ct. 2607, 37 L.Ed.2d 419 (1973), the United States Supreme Court reformulated the constitutional tests for determining obscenity under the First and Fourteenth Amendments to the Constitution of the United States. In *Hamling v. United States*, 418 U.S. 87, 94 S.Ct. 2887, 41 L.Ed.2d 590 (1974), the Court explained the *Miller* holding. In *McNary v. Carlton*, 527 S.W.2d 343 (Mo. banc 1975), this Court construed *Miller*, as explained in *Hamling*, to mean that, in determining obscenity under the First and Fourteenth Amendments, a jury determination of contemporary community standards is constitutionally required.

In *City of Kansas City, Missouri v. Darby*, 544 S.W.2d 529 (Mo. banc 1976), (decided December 13, 1976), this Court held that a constitutionally acceptable determination of obscenity cannot be made in the Municipal Court in Kansas City because no jury is available, and that this constitutional deficiency cannot be cured by the process of allowing an appeal to the circuit court and making a jury available there.

■ Accordingly, we must conclude that Judge Murphy did not err in prohibiting the Municipal Court of Kansas City from proceeding with Martin's trial. Prohibition will lie where a right to a jury trial is improperly denied. *Ex parte Peterson*, 253 U.S. 300, 305, 306, 40 S.Ct. 543, 64 L.Ed. 919 (1920).

The judgment is affirmed.

All concur.