This is a pornography case involving the sale of a magazine entitled "Color Sperma" in violation of Birmingham City Ordinance 16-18 as amended.
The defendant was employed as a clerk by the Bessemer News, an adult bookstore in Jefferson County. In May of 1978, an officer of the Vice Squad of the Birmingham Police Department purchased the magazine from the defendant. The defendant was tried without a jury in Municipal Court and convicted. He appealed to the Circuit Court of Jefferson County, was tried by a jury, convicted and fined five hundred dollars and costs.
 I
The defendant contends that under the United States Supreme Court's definition of obscenity stated in Miller v. California,413 U.S. 15, 93 S.Ct. 2607, 37 L.Ed.2d 419 (1973), and Hamlingv. United States, 418 U.S. 87, 94 S.Ct. 2887, 41 L.Ed.2d 590
(1974), only a jury can apply "contemporary community standards" in determining whether a publication is obscene. Although Alabama Code (1975), § 12-14-6, provides that "(a)ll cases in municipal courts shall be tried by a judge without a jury", the defendant contends that an obscenity prosecution must be the exception to this statute.
While neither Miller nor Hamling specifically states that only a jury can determine the issue of obscenity, the Supreme Courts *Page 992 
of Missouri and Minnesota have found such a holding implicit.
In McNary v. Carlton, 527 S.W.2d 343 (Mo. 1975), the Supreme Court of Missouri held that in obscenity cases jurors must be the triers of fact.
 "Third, in considering application of the `contemporary community standards' guideline, we must note the following language from Hamling v. United States, 418 U.S. 87, at 104 and 105, 94 S.Ct. 2887, 2900, 41 L.Ed.2d 590:
* * * * * *
 "`(T)he test (for determining obscenity) was stated in terms of the understanding of `the average person, applying contemporary community standards'. 413 U.S., at 24, 93 S.Ct., at 2615. When this approach is coupled with the reaffirmation in Paris Adult Theatre I v. Slaton, 413 U.S. 49, 56, 93 S.Ct. 2628, 2634, 37 L.Ed.2d 446 (1973) of the rule that the prosecution need not as a matter of constitutional law produce `expert' witnesses to testify as to the obscenity of the materials, the import of the quoted language from Miller becomes clear. A juror is entitled to draw on his own knowledge of the views of the average person in the community or vicinage from which he comes for making the required determination, just as he is entitled to draw on his knowledge of the propensities of a `reasonable' person in other areas of the law.
* * * * * *
 "`The result of the Miller cases, therefore, as a matter of constitutional law and federal statutory construction, is to permit a juror sitting in obscenity cases to draw on knowledge of the community or vicinage from which he comes in deciding what conclusion `the average person, applying contemporary community standards' would reach in a given case.'
* * * * * *
 "However, we consider the above language extremely significant. The emphasis which Miller and Hamling
place on the unique qualifications of jurors to apply the `contemporary community standards' guideline raises a practical question in this suit for injunctive relief . . In `obscenity' cases, we believe we should `rely on the jury system' (413 U.S., at 26, 93 S.Ct. 2607), and require that jurors be involved as triers of fact under the Miller
guidelines."
McNary, 527 S.W.2d at 346-7.
In City of Kansas City v. Darby, 544 S.W.2d 529 (Mo. 1976), the Missouri Supreme Court applied McNary and held that the denial of a jury trial on the issue of community standards in an obscenity prosecution in municipal court was unconstitutional, notwithstanding the fact that the municipal court was barred by ordinance from providing a trial by jury or that a jury was available on appeal to the circuit court.
 "We hold, in obscenity cases only, that a trial by jury is required in the first instance and that a trial by jury after appeal to circuit court `does not satisfy the requirements of the Constitution'.
 "We recognize that today's holding renders the Kansas City obscenity ordinance unenforceable so long as juries are not permitted in Kansas City municipal courts." (citations omitted) Darby, 544 S.W.2d at 532.
This same result was reached in Martin v. Municipal Court ofKansas City, 546 S.W.2d 7 (Mo. 1976), and XLNT Corporation v.Municipal Court of Kansas City, 546 S.W.2d 6 (Mo. 1976).
The Supreme Court of Minnesota, exercising its "supervisory powers", has recently decided that a criminal obscenity charge must be tried before a jury even though not constitutionally required.
 "The need for a jury determination is particularly compelling in cases such as this where no expert testimony or extrinsic evidence other than the allegedly obscene material itself is admitted at trial. When the issue is tried to the court, a judge is placed in the unenviable position of determining contemporary community standards, either upon impressions formed from his contacts with residents or upon his individual opinion of the locality's values. Neither of these alternatives *Page 993 
is wholly consistent with the test enunciated in Miller [v. California, 413 U.S. 15, 93 S.Ct. 2607, 37 L.Ed.2d 419 (1973)]. In contrast, a jury represents a cross section of the community and is better equipped to make the important and sensitive determination of community standards required in an obscenity prosecution. Although it is clear that a jury trial is not constitutionally mandated under these circumstances, see, Duncan v. Louisiana, 391 U.S. 145, 88 S.Ct. 1444, 20 L.Ed.2d 491 (1968), we believe that the contemporary-community-standards test can best be applied by a jury and therefore hold, under the supervisory powers of this court, that a criminal obscenity charge must be tried to a jury."
 City of Duluth v Sarette, 283 N.W.2d 533 (Minn. 1979) (emphasis added).
Sarette makes it clear that while the jury system may be the best method for determining obscenity as defined in Miller v.California, it is not a constitutional requirement. The statute requiring that all cases in municipal courts shall be tried by a judge without a jury is not unconstitutional as it applies to an obscenity prosecution in the municipal court. In this regard, the defendant was not denied due process of law.
Additionally, we note that the defendant never requested a trial by jury in the municipal court. The question of the constitutionality of the city ordinance and its failure to provide for a jury determination of obscenity was first raised by the defendant on appeal before the circuit court. Since the record shows no objection to being prosecuted in the municipal court until after the defendant had been convicted, we do not think he should be heard to complain. We do not think that it would have been a mere useless or futile gesture for the defendant to have voiced his objection before the municipal judge. We note that in Martin, supra, upon which the defendant bases his argument, the accused did file a motion for a jury trial in the municipal court even though a statute prohibited a jury trial in the municipal court.
 II
The defendant contends that there is insufficient evidence of probable cause to support the arrest warrant from the face of the complaint and the testimony of the magistrate.
The affidavit of complaint sworn to by the arresting officer states:
 "Personally appeared before me, the undersigned authority in and for said Municipal Court of Birmingham, D.L. McNutt, who being first duly sworn, says on oath that he has probable cause for believing and does believe that Mike Holderfield whose name is otherwise unknown to affiant, did within twelve months before making this affidavit and within the City of Birmingham, or the Police Jurisdiction thereof:
 Did unlawfully on to-wit: May 10, 1978, at approximately 11:20 A.M. at or near 3021 Bessemer Road, Bessemer News, Birmingham, Jefferson County, Alabama, knowingly publish, print, exhibit, distribute, or have in his possession with intent to distribute, exhibit, sell, or offer for sale in the City of Birmingham, Alabama, any obscene matter, to-wit: an obscene book, `Color Sperma', contrary to and in violation of General City Code 16-18 as amended against the laws and ordinances of the City of Birmingham."
This affidavit in and of itself is insufficient to support a finding of probable cause for a warrant of arrest because it only recites the affiant's belief and contains no supporting facts or circumstances upon which a finding of probable cause could be based. Aguilar v. Texas, 378 U.S. 108, 84 S.Ct. 1509,12 L.Ed.2d 723 (1964); Giordenello v. United States,357 U.S. 480, 78 S.Ct. 1245, 2 L.Ed.2d 1503 (1958).
However, in passing on the validity of an arrest warrant, the reviewing court is not restricted to examining the four corners of the affidavit. United States v. Character, 568 F.2d 442, 445
(5th Cir. 1978). A reviewing court may consider an affiant's oral testimony, extrinsic to the written affidavit, *Page 994 
which is sworn before the issuing magistrate, in determining whether the warrant was founded on probable cause. UnitedStates v. Hill, 500 F.2d 315, 320-21 (5th Cir. 1974). Oral testimony is admissible to cure an otherwise defective warrant.Oliver v. State, 46 Ala. App. 118, 238 So.2d 916 (1970); Funchesv. State, 53 Ala. App. 330, 299 So.2d 771, cert. denied,293 Ala. 752, 299 So.2d 778 (1974).
Officer McNutt, at the time he gave the sworn affidavit before a magistrate for the City of Birmingham, presented the magistrate with the magazine "Color Sperma" which he had personally purchased from the defendant seven days earlier. The magistrate examined the magazine for ten minutes before issuing the arrest warrant. The affidavit together with the presentation of the alleged obscene matter to the magistrate support the finding of probable cause and issuance of the warrant despite the fact that the affidavit is conclusionary.
 III
The defendant's contention that Birmingham City Ordinance 16-18 as amended was systematically and selectively enforced against him resulting in purposeful and intentional discrimination violative of the equal protection clause of the Fourteenth Amendment was found to be without merit in Starleyv. City of Birmingham, Ala.Cr.App., 377 So.2d 1171 (1979). The evidence presented by the defendant in this case is substantially identical to that presented in Starley. There simply has been no evidence to indicate an intentional selectivity based upon an unjustifiable standard.
We have searched the record for error and, finding none, affirmed the judgment of the circuit court.
AFFIRMED.
All Judges concur.