BOWEN, Judge.
The defendant was indicted and convicted for a violation of the state statute prohibiting the sale of any obscene work. Alabama Code § 13-7-181 (1975). The obscene matter was an issue of the magazine “Cie-Lav-ie”. The jury imposed a fine of one thousand dollars to which the trial judge added a prison term of one year.
I
In Holderfield v. City of Birmingham, 380 So.2d 990 (Ala.Cr.App.1979), cert. denied, 380 So.2d 994 (Ala.1980), this Court held that the statute requiring that all cases in municipal courts shall be tried by a judge without a jury is not unconstitutional as it applies to an obscenity prosecution in the municipal court. Holderfield, 380 So.2d at 993.
II
The defendant also contends that he was entitled to a trial by jury in the District Court because the maximum authorized penalty for a violation of Alabama Code § 13-7-181 (1975) is a ten thousand dollar fine and one year imprisonment. We need not determine whether this offense is “serious” or “petty” within the meaning of Duncan v. Louisiana, 391 U.S. 145, 88 S.Ct. 1444, 20 L.Ed.2d 491 (1968). Ludwig v. Massachusetts, 427 U.S. 618, 96 S.Ct. 2781, 49 L.Ed.2d 732 (1976), held that even where the Constitution guarantees an accused a jury trial, it does not also require that he be permitted to exercise that right at the first trial in the lower tier of a two-tier system of trial courts, where under the system a person accused of a crime is tried without a jury in the first instance in the lower tier and then may take timely “appeal” to the second tier, and if he so desires have a trial de novo by jury.
Ill
The defendant’s allegations of unconstitutional discriminatory enforcement were answered by this Court in Starley v. City of Birmingham, 377 So.2d 1131 (Ala.Cr.App.), cert. denied, 377 So.2d 1134 (Ala.1979).
We have searched the record for error and found none. The judgment of the Circuit Court is affirmed.
AFFIRMED.
All Judges concur.