**STATE of Missouri ex rel. Gary L. WATERS, Relator,**

v.

**The Honorable Charles E. TEEL, Jr., Judge of the Circuit Court of Jasper County, Missouri, Respondent.**

No. 14898.

Missouri Court of Appeals,
Southern District,
Division One.

Jan. 20, 1987.

Errol Copilevitz, Richard E. Standridge, Copilevitz, Bryant, Gray & Jennings, P.C., Kansas City, for relator.

R. Deryl Edwards, Joplin, for respondent.

ORIGINAL PROCEEDING IN
PROHIBITION

GREENE, Presiding Judge.

Relator, Gary L. Waters, was charged with promoting pornography in violation of Section 26–82 of the Joplin City Code. The information charging Waters with the ordinance violation was filed and docketed in the Municipal Division of the Jasper County Circuit Court, which is designated by Local Court Rule as Division VI. Waters was arrested and brought before the mu-

nicipal judge for arraignment on the charge where he entered a plea of not guilty.

There is nothing in the record showing that Waters either requested or waived a jury trial; however, the city attorney did request a jury trial. The municipal judge granted the city's request, and the case was transferred to Division III of the Jasper County Circuit Court, pursuant to Local Court Rule, which provided that if there was a request for a jury trial in a municipal court case, that the case would be transferred to Division III. Respondent, Charles E. Teel, Jr., is a Circuit Judge of the Jasper County Circuit Court, and presides over Division III.

Waters then filed a motion to dismiss, contending the city of Joplin had no right to request a jury trial, and that by granting such request, the trial court had deprived him of his legal right to have the case tried on the municipal court level without a jury and, if he lost there, to have a trial de novo on the circuit court level, as is provided in § 479.200.2, (L.1978 p. 696, § A (§ 1), eff. Jan. 2, 1979). The motion was overruled by the respondent, and the case was set for jury trial.

Waters then filed a petition to prohibit Judge Teel from proceeding with the jury trial, and we issued our preliminary writ. In its answer to the petition for the writ, and in its brief filed here, the city asserted that it had a right to request a jury trial by reason of the supreme court decision in *City of Kansas City v. Darby*, 544 S.W.2d 529 (Mo. banc 1976), and that since it had asserted such right, the case had been properly transferred to Division III and set for trial there. Waters maintains that the right to jury trial in a Joplin, Missouri, municipal ordinance violation case rests exclusively with the defendant, and that since he had not asserted such right, he was entitled to a bench trial at the municipal court level, which is Division VI.

In our analysis, an examination of the pertinent court rules and statutory provisions is appropriate. Section 573.080

(L.1981, p. 645, § 1) provides that cities and towns and counties of the first class having a charter form of government may enact and enforce laws prohibiting the promotion of pornography, as long as the provisions of their ordinances are the same and the authorized penalties no greater than those set out in chapter 573 of the Missouri statutes, which chapter regulates the promotion of pornography at the state level. Joplin had a right to enact the ordinance in question, as long as it did not conflict with state law. Section 9.06 of the Joplin City Code authorizes trial by jury in municipal violation cases. Section 479.140 (L.1978, p. 696, § A (§ 1), eff. Jan. 2, 1979) provides that in any trial for the violation of a municipal ordinance, "all issues of fact shall be tried by the judge except where trial by jury is authorized by law *and the defendant or his attorney requests a trial by jury.*" (Emphasis added.) Rule 37.-61(c), V.A.M.R., states that "[a]ll issues of fact in ordinance violation cases shall be determined by the judge unless a jury trial is authorized by law *and requested by the defendant.*" (Emphasis added.)

The city concedes that there is no constitutional provision, state statute, or supreme court rule authorizing a jury trial in municipal ordinance violation cases where the request for such a trial is made by the city. However, the city contends that it is entitled, and is in fact, obligated, to make such a request at the municipal court level by reason of the holding of *City of Kansas City v. Darby*, supra.

In 1973, Darby was charged in the municipal court of Kansas City, Missouri, with exhibiting an obscene motion picture in violation of a city ordinance. At that time, Kansas City had no ordinance authorizing a jury trial at the municipal level. Darby was bench tried and convicted. He appealed to the Jackson County Circuit Court, where he filed several pretrial motions, including a motion to dismiss which asserted, in part, that the charges against him should be dismissed because he "was de-

nied in the Municipal Court below the right to have community standards with regard to the question of obscenity determined by a jury." The motion was overruled, and the case proceeded to jury trial. Darby was again convicted, and his punishment was fixed at 120 days in jail, and a fine of $500.

On appeal, the Supreme Court stated that in *McNary v. Carlton,* 527 S.W.2d 343 (Mo. banc 1975), it had construed *Miller v. California,* 413 U.S. 15, 93 S.Ct. 2607, 37 L.Ed.2d 419 (1973), to mean that in determining what is obscene (now labelled pornographic), a jury determination of whether certain material violates contemporary community standards relative to obscenity is required at the first opportunity, which, in ordinance violation cases, is at the municipal level, and that since Kansas City had made no provision for jury trials at the municipal level, Darby's conviction could not stand.

There is nothing in *Darby* that even suggests that the city has a right to a jury trial in municipal ordinance violation cases. While Waters had such a right, he did not assert it, and had a right to waive it, if given the opportunity to do so. There is nothing in the record to indicate he was given such opportunity. If Waters wishes to waive jury trial, in the manner provided by law, *see Randolph v. Simpson,* 500 S.W.2d 289, 290–291 (Mo.App.1973), he is, of course, entitled to be bench tried at the municipal court level.

It is our opinion that the municipal court exceeded its jurisdiction in ordering the transfer of the case to the circuit court upon the request of the city for jury trial, and that respondent-judge exceeded his jurisdiction in setting the case for jury trial in circuit court, over the objection of Waters.

The preliminary writ of prohibition heretofore issued is made absolute, and the cause is remanded to the Circuit Court of Jasper County with directions to remand the cause to the Municipal Court of Joplin, Missouri, for further proceedings consistent with this opinion.

CROW, C.J., and PREWITT, J., concur.