See also, 802 S.W.2d 520.

**CITY OF INDEPENDENCE,**
Respondent,

v.

**DEFFENBAUGH INDUSTRIES,**
**INC., Appellant.**

No. WD 42110.

Missouri Court of Appeals,
Western District.

June 26, 1990.

Motion for Rehearing and/or Transfer to Supreme Court Denied July 31, 1990.

James W. Shaffer, Richard D. Rhyne, Charles H. Stitt, Kansas City, for appellant.

Joe F. Willerth and William B. Moore, City Counselor, Independence, for respondent.

Before ULRICH, P.J., and SHANGLER and TURNAGE, JJ.

SHANGLER, Judge.

This appeal—as the parties present the issue—is from a judgment entered by a circuit court as an exercise of original jurisdiction on municipal charges of breaches of a city ordinance. The City of Independence cited Deffenbaugh Industries, Inc., with multiple counts of operating a sanitary landfill without the special use permit required by the municipal code.[1] The multiple charges were joined by stipulation of the parties in a single information as allowed by Rule 37.36 and presented to the circuit court for trial and judgment. The stipulation also agreed that the Deffenbaugh demand for a jury trial and motion to disqualify all the judges of the Independence Municipal Division be sustained and that the cause be certified to the presiding judge for consolidation and reassignment.

In due course, the information lodged with the same circuit judge who entertained and adjudicated the petition for review of the decision by the City Council to deny Deffenbaugh the special use permit. It came there, however, not by notice to the presiding judge of the circuit court of the disqualification of the judges and then by transfer for reassignment under Rule 37.53(d)(2), but by a demand for a jury trial under Rule 37.61.[2] However, there is

---

1. Deffenbaugh Industries, Inc., operated a sanitary landfill at that site for a number of years under the requisite municipal special use permit. The administrative decision of the City Council to deny the Deffenbaugh application to extend the special use permit was a matter of judicial review by the same circuit court that entertained the adjudication of the municipal complaints, and is the subject of our opinion in *Deffenbaugh Indus., Inc. v. Potts*, 802 S.W.2d 520 (Mo.App.1990) (adopted concurrently). Deffenbaugh nevertheless continued to operate the landfill even after the permit expired. The municipal informations, prosecutions, and adverse judgment followed. A separate appeal from that judgment was taken to this court as *City of Independence v. Deffenbaugh Industries, Inc.*, WD42110. The two appeals were consolidated in this court by stipulation of the parties. The consolidation was severed by our order after submission for purposes of opinion.

2. Rule 37 governs the procedures in all courts that have original jurisdiction of ordinance violations. They include methods for the disqualification and change of judge [Rule 37.53] and request by the defendant for jury trial [37.61]. The stipulation before us on appeal recites the agreement of the parties to disqualify all of the judges of the Independence Municipal Division and that the Deffenbaugh demand for jury trial be certified by the municipal court to the presiding judge of the circuit court for reassignment. There is no record before us, however, of the action taken by the municipal court by notice or certification to the presiding judge of the circuit court of the disqualification or of the demand for jury trial.

The record shows only the formal entry of transfer and reassignment in municipal case No. MA 88–1254, *City of Independence, MO, Plaintiff v. Deffenbaugh Industries, Inc.*, Defendant, reads:

ORDER TRANSFERRING CAUSE
(Civil)
This cause is transferred to the Presiding Judge for reassignment pursuant to Circuit Court Rule for the following reason(s):
DEMAND FOR JURY TRIAL
June 7, 1988
     Date
H. Michael Coburn
     Judge
ORDER REASSIGNING CAUSE
This cause is reassigned to Civil Docket CR I, Division 12
June 7, 1988
     Date
/s/ H.M. Coburn
Presiding Judge
H. Michael Coburn

The order of transfer and reassignment entered by the presiding judge of the circuit court gives no effect to any action by the municipal court to grant the changes of judge agreed to between the City of Independence and Deffenbaugh. There are evident explanations. Rule 37.53 allows for disqualification of a judge in all ordinance violations cases, "except those heard *de novo* or those in which there is a timely exercise of a right to a jury trial." That is to say, a motion to disqualify under Rule 37.53 and a demand for a jury trial under Rule 37.61 are not compatible, because by the scheme of

no requirement of constitution for a jury trial in a municipal ordinance violation proceeding, and none obtains, unless provided by law. *Blanton v. City of North Las Vegas, Nev.,* 489 U.S. 538, 109 S.Ct. 1289, 1292–93, 103 L.Ed.2d 550 (1989); *State ex rel. Cole v. Nigro,* 471 S.W.2d 933, 936[2] (Mo. banc 1971). There are such provisions, but none apply to this proceeding by the City of Independence.[3]

The information, nevertheless, lodged with the circuit judge, and Deffenbaugh—despite the formal order of transfer and reassignment under a demand for jury trial—submitted the issue to the court as trier of the fact rather than to the jury. The circuit judge found Deffenbaugh guilty on each of the 255 counts, and that the violations were willful. A fine of $250 was assessed on each count and a judgment for $63,750 entered against Deffenbaugh.

■ On this appeal, Deffenbaugh contends that the judgment was unlawful for several reasons. Our jurisdiction to give competent review of a judgment, however, depends upon a trial court competent to render the judgment. *Hart v. Board of Adjustment of City of Marshall,* 616 S.W.2d 111, 113[1, 2] (Mo.App.1981). The stipulation of the litigants that the municipal court certify the information to the presiding judge of the circuit court for reassignment for a trial by jury was null under Rule 37.61, as not authorized by law. The fact issue presented by the consolidated information was for the municipal judge alone. Rule 37.61(c). The stipulation of the litigants was without effect to confer subject matter jurisdiction on the circuit court, as a court of first instance, to adjudicate a violation of a municipal city ordinance by a procedure valid only under authority of law—where that authority lacks. *State Tax Comm'n v. Administrative Hearing Comm'n,* 641 S.W.2d 69, 72[1–5] (Mo. banc 1982); §§ 479.130 and 479.150. Accordingly, the municipal court was without jurisdiction to order the transfer of the cases to the presiding judge of the circuit court under Rule 37.61(d) for assignment to a circuit judge for a jury trial, and the circuit judge was without jurisdiction to grant judgment under the order of assignment. *State ex rel. Waters v. Teel,* 723 S.W.2d 892, 894[2, 3] (Mo.App.1987).

■ This is not to say that a person charged with the violation of an ordinance of the City of Independence has no recourse to a jury. That right first attaches [with the few exceptions noted [4]], however, not at the original hearing of the ordinance violation, but at the trial *de novo* of the municipal court conviction in the circuit court. *State ex rel. Estill v. Iannone,* 687 S.W.2d 172, 175 (Mo. banc 1985); § 479.200; Rules 37.64(c), 37.73, 37.74. The information against Deffenbaugh on the municipal ordinance violations is not yet adjudicated by a court of competent jurisdiction. The right to a trial by jury of those charges await conviction and sentence in that court.

The proceedings in the circuit court on the consolidated information for breaches of municipal ordinances brought by the City of Independence against Deffenbaugh

---

Rule 37 [and the complex of statutes the rule puts into order] an ordinance violation case after disqualification remains a case not heard on the record, whereas an ordinance violation case that qualifies for a jury trial on the original hearing becomes a case heard on the record. *See* §§ 479.130 and 479.150. Another explanation for the lack of effect by the circuit court order to the municipal court to grant changes of judge is that Rule 37.53(c) provides: "No party shall be allowed more than one change of judge in an ordinance violation proceeding." The presiding judge of the circuit court may have determined that the complement of the municipal court exceeded two judges so that the motion to disqualify *all* the judges of that court was an unavailable procedure.

3. The law grants a trial by jury to a person charged with the violation of a municipal ordinance of a city of the third or four class [§ 479.-130]; to a person charged with the violation of a municipal ordinance by the City of Springfield [§ 479.150]; and to a person charged with the violation of a municipal ordinance on obscenity—on the issue of community standards. *City of Kansas City v. Darby,* 544 S.W.2d 529, 532[1] (Mo. banc 1976).

4. § 479.130; § 479.150, and *City of Kansas City v. Darby,* 544 S.W.2d 529, 532[1] (Mo. banc 1976).

are dismissed. The judgment entered by the circuit court in those proceedings is null and presents nothing for our review. The appeal is dismissed.

All concur.