**CITY OF SPRINGFIELD, Missouri, Plaintiff–Respondent,**

v.

**Merrell D. COFFMAN, Defendant–Appellant.**

No. 22049.

Missouri Court of Appeals,
Southern District,
Division Two.

Sept. 30, 1998.

Motion for Rehearing or Transfer
Denied Oct. 16, 1998.

Richard D. Crites, Springfield, for Appellant.

Robert M. Sommers, Springfield, for Respondent.

Before GARRISON, C.J., SHRUM, P.J., and BARNEY, J.

PER CURIAM.

Merrell D. Coffman (Defendant) appeals from a judgment of the Circuit Court of Greene County after a bench trial in which he was found guilty of the offense of common assault under section 26–26(e), Code of the City of Springfield, Missouri. The circuit court ordered Defendant to pay a $125.00 fine. This matter was before the Greene County Circuit Court for a trial *de novo* following Defendant's bench trial in the City of Springfield Municipal Court where Defen-

dant was found guilty of the same offense and ordered to pay a $300.00 fine. We reverse and remand for a new trial because the circuit court erred in denying Defendant's formal request for a jury trial for his trial *de novo* in the circuit court.

Defendant was charged with the municipal violation of knowingly causing offensive physical contact with Mr. Kenneth Bear by grabbing him by his shirt collar and restraining him over the trunk of his vehicle. *See* § 26–26(e), Code of City of Springfield.[1] At the time of the offense, Defendant was a City of Springfield police officer. The offense occurred on November 2, 1995, near the Bass Pro Shop parking lot in Springfield, Greene County, Missouri.

■ In his sole point of error, Defendant asserts that the circuit court erred in denying his formal request for a jury trial in his trial *de novo* following his conviction in the municipal court. We agree.

■ Renewing its argument on appeal that it made to the circuit court, the City of Springfield relies on section 479.150 to support its hypothesis that because Defendant voluntarily waived his right to a trial by jury in the municipal court, that his waiver in the municipal court followed him to the circuit court for his trial *de novo*. We note that there is neither a written order nor any notation in the circuit court judge's docket sheets, contained in the Legal File, that recites the circuit court's rationale for denying Defendant's request for a jury trial. We nonetheless presume that the circuit court was in agreement with the City of Springfield's interpretation of section 479.150.[2]

Section 479.150 provides, in pertinent part, the following:

1. In any municipality, whenever a defendant accused of a violation of a municipal ordinance has a right to a trial by jury and demands such trial by jury, except as provided in subsection 2 of this section, the municipal judge shall certify the case for assignment in the manner provided in subsection 2 of section 517.520, RSMo.[3]

2. Any municipality requiring by ordinance that the municipal judge be a licensed attorney and which has a population in excess of one hundred thousand persons which is located in a county of the first class not having a charter form of government and which does not adjoin another first class county may elect by passage of an appropriate municipal ordinance to hear jury cases before the municipal court; provided, such jury cases are heard in accordance with the following procedures:

\* \* \* \*

(4) *The failure to request a jury trial while the case is pending before the municipal court shall be deemed a waiver of the right to a jury trial* and after such jury trial there shall be no right to a trial de novo in circuit court. . . .

§ 479.150, RSMo 1994 (emphasis added). Relying on the emphasized language above, the City of Springfield asseverates that Defendant waived his right to a trial by jury in the circuit court for his trial *de novo* when he waived his right to a jury trial in the municipal court.

---

1. Sec. 26–26. Common assault.
   It shall be unlawful for a person to commit a common assault. A person commits a common assault if:
   \* \* \*
   *(e) He knowingly causes physical contact with another person knowing the other person will regard the contact as offensive or provocative.*
   Section 26–26(e), Code of the City of Springfield, Missouri. (Emphasis added).

2. Neither of the parties to this appeal presented any case law to this Court interpreting section 479.150.2(4). Defendant correctly points out

that only a tangential reference to section 479.150 was made in *City of Independence v. Deffenbaugh Industries, Inc.,* 804 S.W.2d 383, 385 (Mo.App.1990) at footnote three. There, the court recognized that section 479.150 granted the right to a trial by jury "to a person charged with the violation of a municipal ordinance by the City of Springfield." *Id.*

3. We note that section 517.520 (and section 517.510) was repealed by L.1985, S.B. Nos. 5, 269, 270, 276, 277 & 322, § B, effective January 1, 1987. *See* § 479.200, RSMo 1994.

■ "Construction of a statute is a question of law, not judicial discretion." *State v. Haskins,* 950 S.W.2d 613, 615 (Mo. App.1997). "The primary rule of statutory construction requires the courts to ascertain the intent of the legislature by considering the plain and ordinary meaning of the words used in the statute." *City of Ash Grove v. Christian,* 949 S.W.2d 259, 262 (Mo.App. 1997).

In attempting to ascertain the intent of the legislature by "considering the plain and ordinary meaning" of section 479.150.2(4), however, we determine that its language is ambiguous. *See id.* Thus, the intent of the legislature in enacting section 479.150.2(4) is not apparent from considering its words used in their plain and ordinary meaning. This is because the statute could be read with equal ease in two ways: (1) as the City of Springfield contends; that is, that a waiver by a defendant of a jury trial in the municipal court includes a waiver of jury trial in a subsequent trial *de novo* in the circuit court; or (2) that a jury trial waiver at the municipal court level does not extend to circuit court proceedings during a subsequent trial *de novo* following a conviction of a defendant in the municipal court. *See* § 497.150.2(4), RSMo 1994, *supra.*

■ When an ambiguity exists in a statute, as here, "a proper analysis ... considers the context in which the words are used and, importantly, the problem the legislature sought to address with the statute's enactment." *Mabin Const. Co., Inc., v. Historic Constructors, Inc.,* 851 S.W.2d 98, 100[3] (Mo.App.1993). "[I]t is fundamental that a section of a statute should not be read in isolation from the context of the whole act." *Haskins,* 950 S.W.2d at 615.

When section 479.150.2(4) is read in context, it becomes apparent that it relates solely to procedure in municipal courts. This may be seen within section 479.150.2 where, after authorizing. the City of Springfield to pass an ordinance for jury trials in municipal court, the legislature included the proviso: "provided, such jury cases are heard in accordance with the following procedures...." § 479.150.2, RSMo 1994. We view this latter phrase as a clear indication that the legisla-

ture intended to limit the application of section 479.150.2(4) to municipal courts and did not intend to affect existing rules of procedure in circuit courts relating to waiver of jury trials.

Rule 37.74 provides that "all trials de novo shall proceed in the manner provided for the trial of a misdemeanor by the rules of Criminal Procedure." Rule 37.74, Missouri Court Rules (1998). In turn, Rule 27.01 provides that:

"(a) All issues of fact in any criminal case shall be tried by a jury to be selected, summoned and returned in the manner prescribed by law, unless trial by jury be waived as provided in this Rule.

(b) The defendant may, with the assent of the court, waive a trial by jury and submit the trial of any criminal case to the court, whose findings shall have the force and effect of the verdict of a jury ..."

Rule 27.01, Missouri Court Rules (1998).

Our interpretation of section 479.150.2(4) is bolstered by the general presumption that the legislature acts with the knowledge of statutes and rules involving similar or related subject matter. *Moore v. Missouri–Nebraska Exp., Inc.,* 892 S.W.2d 696, 712[23] (Mo. App.1994). It is reasonable to conclude, therefore, that when the legislature provided a procedure under section 479.150.2(4) relating to waiver of jury trials in municipal courts, it was aware of Rules 27.01 and 37.74, which deal with trial by jury and waiver of that right in circuit courts. *See Carter v. Pottenger,* 888 S.W.2d 710, 714 (Mo.App. 1994). With that implied knowledge, the legislature made no overt attempt in section 479.150.2(4) to change jury trial waiver procedure in circuit courts. From that omission, we discern a legislative intent in its enactment of section 479.150.2(4) to confine the applicability of that section to municipal courts and to leave unaffected the jury trial waiver procedure prescribed in Rules 27.01 and 37.74, *supra,* for circuit courts.

■ We also note that the concept of a trial *de novo* in the circuit court reflects, as the name implies, a new proceeding in most respects and, in a criminal or quasi-criminal case, it is a new prosecution. *City of Kansas*

*City v. Johnney,* 760 S.W.2d 930, 931 (Mo. App.1988). "The trial de novo proceeds as if no action had been taken in the municipal division and as though the case had originated in the de novo court rather than in the municipal court." *Id.*

There is nothing in the record of this matter to indicate that Defendant waived his right to a jury trial in the circuit court for his trial *de novo. See* Rule 27.01, *supra.* Indeed, Defendant specifically filed his written request for a jury trial in the circuit court.

We must therefore conclude that when Defendant waived his right to a jury trial in the municipal court for a City of Springfield ordinance violation, that the statutory provision set forth in section 479.150.2(4) did not abrogate his right to trial by jury during his subsequent trial *de novo* in the circuit court.

The judgment is reversed and remanded to the circuit court for a new trial consistent with this opinion.

