THE STATE v. HENRY TALKEN, Appellant.—292 S. W. 32.

Division Two, January 24, 1927.

**1. INFORMATION: Intoxicating Liquor: Transportation.** An information charging that, on a named date and in a named county, defendant "did unlawfully and feloniously transport five gallons of moonshine whiskey," conforms to the statute and fully informs the defendant of the crime upon which he is to stand trial.

**2. ————: ————: Moonshine Whiskey.** It was not necessary that the information allege that moonshine whiskey is intoxicating liquor, since Section 21 of the Act of 1923, Laws 1923, page 242, is a statutory finding that moonshine whiskey is intoxicating, and courts take judicial notice that whiskey is both a distilled spirit and intoxicating.

**3. CONSTITUTIONAL STATUTE: Title: Incongruous Clauses: Act of 1923.** The title of the Act of 1923, Laws 1923, page 236, does not embrace more than one subject, and the act does not contain such an incongruous mass of conflicting clauses not germane to each other or the title as renders it unconstitutional.

**4. ————: ————: Self-Incrimination.** Authority for the enactment of a section of a statute (Sec. 23, Laws 1923, p. 243) which compels self-incrimination and as clearly provides immunity from prosecution as to matters divulged, is found in its title providing for the exercise of the police powers of the State, by and through prohibiting the manufacture, possession,

transportation, sale or disposition of intoxicating liquors and prescribing penalties for violations of the act, and the act is not invalid because the subject of self-incrimination is not otherwise expressed in the title.

**5. WAIVER: Trial by Jury: Felony Case.** The right of a defendant charged with a felony to a trial by jury cannot be waived, by his consent or otherwise. A plea of not guilty being entered, the State and defendant cannot enter into a valid agreement that the cause be tried by the court sitting as a jury, without the intervention of a jury. And such an attempted waiver in a felony case being a matter shown by the record, this court upon defendant's appeal must take notice of it, whether or not raised.

**6. FELONY: Definition.** Any offense for which upon conviction the offender is by law liable to be punished by death or imprisonment in the penitentiary is a felony. And if the statute classifies the offense as a felony, or if it makes no classification of the offense other than by stating that the accused if convicted shall be punished by imprisonment in the penitentiary or the county jail or by a fine, the offense is a felony. And the accused being by statute liable to punishment by imprisonment in the penitentiary, the fact that the punishment imposed is three months' imprisonment in the county jail does not alter the fact that the offense is a felony.

Corpus Juris-Cyc. References: **Criminal Law**, 17 C. J., Section 3332, p. 62, n. 89 New. **Intoxicating Liquors**, 33 C. J., Section 17, p. 496, n. 78; Section 197, p. 580, n. 23; Section 452, p. 730, n. 59. **Juries**, 35 C. J., Section 105, p. 198, n. 58. **Statutes**, 36 Cyc., p. 1035, n. 52.

Appeal from Cole Circuit Court.—*Hon. Henry J. Westhues*, Judge.

REVERSED AND REMANDED.

*David W. Peters* for appellant.

(1) The defendant rests his entire appeal upon the unconstitutionality and invalidity of the law found at pages 236 et seq., Laws 1923. (a) "The adjudicated cases, as well as the elementary writers, all concur that it was to prevent the vicious practice of conjoining, in the same bill, incongruous matters, and subjects having no legitimate connection or relation to each other, and in no way germane to the subject expressed in its title; that its object was to prevent surprise or fraud upon members of the Legislature, rather than embarrass legislation by making laws unnecessarily restrictive. Cooley on Const. Limitation, 174; St. Louis v. Tiefel, 42 Mo. 590. Here we have in a nutshell the mischief to be remedied by the constitutional provisions under consideration." State v. Hedrick, 294 Mo. 21, 241 S. W. 409. (b) The title to this act violates Sec. 28, Art. 2, Mo. Constitution. (c) Section 23 of Article II of the Constitution provides "that no person shall be compelled to testify against himself in a criminal case." Section 23 of the Act of 1923 provides that no person shall be excused from testifying or producing evidence against himself in connection with any violation of the act. The title is silent as to this particular provision.

*North T. Gentry,* Attorney-General, and *A. M. Meyer,* Special Assistant Attorney-General, for respondent.

(1)   The information is sufficient.   Sec. 21, p. 242, Laws 1923; State v. Wright, 280 S. W. 703; State v. Brown, 304 Mo. 78; State v. Moore, 279 S. W. 133.   (2)   The constitutional sufficiency of the title of the Intoxicating Liquor Law of 1923, Laws 1923, p. 236, and of Section 21 thereof, is not an open question.   State v. Tallo, 308 Mo. 585.   Nor is the act invalid for vagueness or conflict of language.   State v. Griffith, 279 S. W. 135.   Section 23, of the Act of 1923, which suspends the privilege of a witness to refuse to testify in proceedings arising under the act, on the ground of self-incrimination, is not in violation of Section 23, of Article 2, of the Constitution of Missouri, since it is provided that the person so testifying shall be immune from penalties and forfeitures in relation to the matters and things concerning which he so testifies.   State ex rel. v. Standard Oil Co., 218 Mo. 375; Hale v. Henkel, 201 U. S. 69; People v. Cahill, 193 N. Y. 232, 20 L. R. A. (N. S.) 1084.   Further, there is no intimation in the record that the defendant in this case was compelled to furnish any one of the links in the chain of evidence upon which his conviction rests and it is familiar law that one may not raise a constitutional question where his personal constitutional rights have not been invaded.   Stouffer v. Crawford, 248 S. W. 585; State v. Williams, 266 S. W. 486.

DAVIS, C.—On the 12th day of June, 1925, there was filed in the Circuit Court of Cole County a verified amended information comprising two counts.   The first count charged defendant with the unlawful possession of five gallons of moonshine whiskey, and the second count with unlawfully and feloniously transporting five gallons of moonshine whiskey.   Subsequently a motion to quash the information was filed, as follows:

"Comes now the defendant, Henry Talken, and moves the court to quash the information heretofore filed in the above entitled cause, and for grounds of said motion says:

"1.   That said information is insufficient and does not charge the defendant with the commission of any crime defined by the law of this State.

"2.   Because the information is founded upon an act of the 52nd General Assembly of Missouri, found at page 236 of the Laws of Missouri of 1923, which said act is in conflict with Section 28 of Article IV of the Constitution of Missouri, in that the title of said act does not sufficiently set out all the matters embraced therein.

"3.   Because said Act of 1923 is in conflict with Sections 22, 23 and 30 of Article 2 of the Constitution of Missouri, in that it requires the defendant to testify against himself.

'4. Because said Act of 1923 is an incongruous, heterogeneous mass of conflicting clauses, not set out in the title of said act and deals with more than one subject, in conflict with said Section 28 of Article IV of the Constitution of Missouri.''

Thereafter defendant waived arraignment and entered a plea of not guilty. The prosecuting attorney thereupon dismissed the first count of the information, with the consent of the court, and by agreement of plaintiff and defendant the cause was tried before the court, sitting as a jury, without the intervention of a jury, and the court returned the following verdict:

''The court, sitting as a jury, finds the defendant guilty as charged in the 2nd count of the information and assesses his punishment at three months in the county jail.''

Within four days defendant filed his motion for a new trial, setting forth as grounds therefor the assignments in words and figures found in his motion to quash. Subsequently allocution was had and judgment and sentence was entered in accordance with the terms of the verdict of the court sitting as a jury, from which defendant duly appealed.

We need not note the evidence further than to state that the cause was tried upon the evidence of the State only, defendant refusing to testify or offer any, and that the proof adduced was ample to sustain a conviction of the charge, if believed.

I. Defendant attacks the information in his motion to quash because it is insufficient and fails to charge defendant with the commission of any crime defined by the laws of this State. Deleting the formal parts, the second count charges that defendant on May 7, **Information.** 1925, at and in said County of Cole and State of Missouri, did unlawfully and feloniously transport 5 (five) gallons, more or less, of moonshine whiskey, against the peace and dignity of the State. Testing the information in that regard it meets not only the rule that it must conform to the statute on which it is based, but also the rule that it fully informs defendant of the crime upon which he is to stand trial. If it is charged that the omission of the averment that moonshine whiskey is intoxicating liquor constitutes error, then we advert to Section 21, page 242, Laws 1923, as a statutory finding that moonshine whiskey is intoxicating, and to the rule that courts take judicial notice that whiskey is both a distilled spirit and intoxicating. [33 C. J. 496; Albert v. United States, 281 Fed. 511; State v. Williamson, 21 Mo. 496.]

II. Defendant states that he rests his entire appeal upon the unconstitutionality and invalidity of the intoxicating liquor act, found at pages 236 et seq. of the Laws of Missouri, 1923, avowing as reasons

therefor that it fails to comply with the provisions of Section 28,
Article IV, of the Constitution of Missouri, em-
**Constitutionality.**     bracing more than one subject within the mean-
ing of the section and containing an incongruous mass of conflicting
clauses not germane to each other, some of which are not mentioned in
the title of the section.

However incongruous the title to said act may appear, the consti-
tutionality of the 1923 intoxicating liquor act is no longer open to
attack, for we held in State v. Tallo, 308 Mo. 584, that the title of
said act conforms to Section 28, Article IV, of our Constitution; and
in State v. Griffith, 279 S. W. 135, per WALKER, J., that regardless
of the seeming incongruity and the difficulty of their interpretation,
the intoxicating liquor statutes, not being inhibited by any organic
law, are clearly within the purview of legislative power and not the
subject of tenable objection.

III.    As a corollary to his attack upon the constitutionality of the
act, defendant avers that the silence of the title as to compelling self-
incrimination as shown by Section 23, is an illuminating factor in
determining the act unconstitutional.   We do not so construe it.   The
authority for the enactment of Section 23, which
**Self-Incrimination.**    compels self-incrimination, but as certainly pro-
vides immunity from prosecuting by the State as to matters divulged,
is found in the title to the act providing for the exercise of the po-
lice power of the State, by and through prohibiting the manufacture,
possession, transportation, sale and disposition of intoxicating liq-
uors and prescribing penalties for the violation of the act.  Com-
pelling self-incrimination and the providing of immunity therefor,
so as to conform to the Constitution, is a means of prohibiting a vio-
lation of the act and is clearly within the intent and comprehended
by the title.   That Section 23 is constitutional we entertain no doubt.
[State ex inf. v. Standard Oil Co., 218 Mo. l. c. 375.]

IV.    The waiver of a jury in a felony case is a matter shown by
the record proper, which we must notice whether or not raised.
So much of Section 28, Article II, of the Missouri
**Waiver of Jury.**    Constitution as is germane to the question involved
is as follows: "The right of trial by jury, as heretofore enjoyed,
shall remain inviolate."   Section 4005, Revised Statutes 1919, reads:
"All issues of fact in any criminal cause shall be tried by jury,
to be selected, summoned and returned in a manner prescribed by
law."

Section 4006, Revised Statutes 1919, reads: "But the defendant
and prosecuting attorney, with the assent of the court, may submit
the trial of misdemeanors to the court, whose finding in all such
offenses shall have the force and effect of the verdict of a jury."

Conceding, as we later find, that the offense of which defendant stands convicted is a felony, the waiver of a jury constitutes a violation of defendant's rights to which he may not assent. The right to be tried by jury in felony cases is a sacred right, heretofore enjoyed and guaranteed by the Constitution, to the waiving of which he may not give assent, for the reason found, among others, in State v. Mansfield, 41 Mo. 471, l. c. 479, "the prisoner is not in a condition to exercise a free and independent choice without often creating a prejudice against him." The waiver of the jury and the trial of the cause before the court sitting as a jury constitute error. [Neales v. State, 10 Mo. 499; State v. Moody, 24 Mo. 560; State v. Meyers, 68 Mo. 266; State v. Sanders, 243 S. W. 771.]

V. The verdict, judgment and sentence of the court before whom defendant was tried, was three months' imprisonment in the county jail. In determining whether defendant was guilty of a felony, we must look to the statute covering the matter and the cases construing it.

**Felony.**

Section 3712, Revised Statutes 1919, reads:• "The term 'felony,' whether used in this or any other statute, shall be construed to mean any offense for which the offender, on conviction, shall be liable by law to be punished with death or imprisonment in the penitentiary, and no other."

The above statute is clear and unambiguous. Its construction is plainly set forth in State v. Woodson, 248 Mo. 705, 154 S. W. 705, as follows: "In criminal cases the appellate jurisdiction of this court is governed by the grade of the offense and is limited to felonies, . . . In a long line of decisions beginning with Johnston v. State, 7 Mo. 183, it has been held by this court where no classification is made of the offense other than the fixing of the penalty, that a felony is an offense for which the accused may be imprisoned in the penitentiary, although the jury may, if authorized by statute, inflict punishment by fine or imprisonment in the county jail, or both, and that such finding does not deprive this court of appellate jurisdiction."

In State v. Criddle, 302 Mo. 634, it is said: "Appeal was properly granted to the court, because the crime which the information purported to charge against appellant was one for which imprisonment in the penitentiary might have been imposed, even though it was not actually imposed."

Furthermore the Intoxicating Liquor Act of 1923 constitutes a statutory finding, expressly stated, in harmony with Section 3712, that the crime charged in the information in this case is a felony.

Inasmuch as the cause was tried by the court without the intervention of a jury, the cause is reversed and remanded. *Higbee, C.,* concurs.

PER CURIAM:— The foregoing opinion by DAVIS, C., is adopted as the opinion of the court. All of the judges concur.