**Julius YOUNG, Jr., Movant-Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. 56312.**

Supreme Court of Missouri,
Division No. 2.

Dec. 13, 1971.

Parks G. Carpenter, Moser, Marsalek, Carpenter, Cleary, Jaeckel, Keaney & Brown, St. Louis, for appellant.

John C. Danforth, Atty. Gen., Jefferson City, for respondent.

MORGAN, Presiding Judge.

On January 18, 1967, appellant, herein referred to as movant, was tried to the

court for the crime of possession of a narcotic drug, to-wit: heroin, and was sentenced to a term of six years confinement. Section 195.020, RSMo 1969, V.A.M.S. On appeal, judgment and sentence were affirmed in State v. Young, Mo., 427 S.W.2d 510. Thereafter, movant, under Criminal Rule 27.26, V.A.M.R., moved to have the judgment and sentence vacated. After an evidentiary hearing, relief was denied and movant has appealed.

Movant submits that his original trial before the court violated his right to trial by jury, because: (a) he was not advised by the court of his right to trial by jury, and the record does not affirmatively show that he knowingly and intelligently waived such right; and (b) he was not so advised by his trial counsel "to the extent" that he appreciated his "constitutional" right to trial by jury and the full consequences of "waiver" of trial by jury. In addition, it is submitted that the trial court erroneously placed on movant the burden of showing the waiver of a jury was not knowingly and intelligently made when the burden on that issue was that of the state.

■ There can be no doubt but that an accused can waive his constitutional right to trial by jury, Patton v. United States, 281 U.S. 276, 50 S.Ct. 253, 74 L.Ed. 854, and that the right of so doing may be subjected to the approval of the trial court. Singer v. United States, 380 U.S. 24, 85 S. Ct. 783, 13 L.Ed.2d 630. Consistent therewith is the present practice in this state. "Prior to the 1945 Constitution of Missouri a defendant charged with a felony could not waive trial by jury. State v. Talken, 316 Mo. 596, 292 S.W. 32, 33 [5]; and see also § 546.040, V.A.M.S. However, Article I, Section 22(a), Constitution of 1945, V.A.M.S., authorized waiver of jury trial in criminal cases, and the manner of such waiver is spelled out in Criminal Rule 26.01(b): 'The defendant may, with the assent of the court, waive a trial by jury and submit the trial of any criminal case to

the court, whose findings shall have the force and effect of the verdict of a jury. Such waiver by the defendant shall be made in open court and entered of record.'" State v. Butler, Mo., 415 S.W.2d 784. In the instant case, as in Butler, the crux of the argument made is that the "court failed to ascertain on the record" that the defendant was aware of his right to trial by jury. The only factual distinction is that in Butler both the accused and his attorney signed the written waiver of a jury, and in the instant case the waiver was signed only by defense counsel. In each, the assent of the judge was shown. To further delineate the argument made, it should be observed that the contention is not that the attorney could not act for movant, but that it was the separate and distinct duty of the trial court to "ascertain of record" that the movant knowingly and intelligently authorized a waiver of trial by jury. Movant equates the waiver of trial by jury and consent to trial before the court with the entering of a guilty plea. It is argued that in the latter instance there is a waiver of the right to confront one's accusers, the privilege against self-incrimination and the right to trial by jury, which can only be approved if the trial judge has made a record affirmatively showing such action to have been voluntarily and intelligently taken. Reliance is placed on Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274. See Criminal Rule 25.04, V. A.M.R. It is then submitted that there must be a comparable record finding prior to allowing waiver of the one right involved here, i.e., trial by jury. It is not necessary that we consider at length the validity of the analogy made for the reason that: "In Mountjoy v. Swenson, W. D., Mo., 306 F.Supp. 379, the court held that even Boykin does not, in proceedings collaterally attacking a conviction on a plea of guilty, limit the prosecution 'to the record of inquiry made by the state trial judge in accepting the plea.' 306 F.Supp. 384. See Davis v. Swenson, W. D., Mo., 308 F.Supp. 635.

"[2] The trial court in this case was, therefore, permitted to consider and pass upon the voluntariness of appellant's pleas on the basis of the record at the time of the pleas and of the evidence adduced at the hearing on the collateral attack." State v. Grimm, Mo., 461 S.W.2d 746, 752. It would not be logical to hold that a review of the prior waiver of a jury trial for a trial to the court should be more restrictive than review of a prior plea of guilty. We leave open the possibility that the direct opposite might be true. In any event, we will assume the inadequacy of the record at the time the jury was waived, and look to the additional record made in the Rule 27.26 evidentiary hearing.

Movant testified that in 1965 he had entered a plea of guilty to armed robbery; that in the instant case he recalled two pre-trial hearings—the first a preliminary hearing and the second on a defense motion to suppress evidence; that he did not realize his trial counsel had signed the jury waiver; and, that he was not advised that he could be tried to a jury. Further, in a rather novel, but certainly ambivalent approach, he testified that he didn't realize at the time that he was actually being tried but thought the trial was another hearing "to get the evidence together." To buttress the latter suggestion, his counsel asked him: "Did you ever tell [trial counsel] you wanted to be tried by a jury when it came time for your case to be tried?" Movant's answer was: ". . . that's the only way I thought you could be tried." From all of which, it may be fairly concluded that movant at the time of his trial was fully aware of his right to be tried to a jury.

■ Trial counsel testified that "there was [a] considerable amount of time spent on the case." That he talked to movant's mother twenty times prior to trial; that he talked to movant several times about going before the judge or a jury; that he told movant "a jury case would be extremely risky . . . in view of his prior con-

viction for armed robbery [and] juries are particularly bad on narcotic cases . . ."; that he conveyed to movant his thought that chances for acquittal might be better before the court in view of the fact the main defense would center on the contention that "the amount of the narcotics" was not sufficient to make a case; and, that movant's comment was, "I will do whatever you think is best," with the ultimate decision that, "He decided he would rather be tried by the Judge." During cross-examination at the post-conviction hearing, trial counsel conceded that he did not explain to movant the legal connotation of the word "waive" nor did he recall if he specifically had designated movant's right to trial by a jury as a "constitutional" right. However, he did emphasize, "I told him he had a right to a jury trial." We do not believe that the requirement an accused be made aware of all rights available to him contemplates a necessity for the use of any specific terminology nor that an accused must have the same appreciation of such rights as do members of the legal profession.

There was no evidence given or offered by movant or the state on other points movant now presents on appeal.

■ By argument, movant contends the holding in State v. Butler, supra, is contrary to the "affirmative showing" dictates of Boykin, and, in fact, now contends the presence or absence of such "formalities" in the original record are controlling. We reject this argument as shown by the quoted portion of the opinion in State v. Grimm, supra, and again declare that the ultimate objective of our post-conviction proceeding, as it pertains to the questioned issue, is not to evaluate or grade the record entries of the trial judge, but to reach the fundamental question of whether or not the movant did knowingly and intelligently waive a jury for trial to the court. In this case the trial court concluded that he did, and we find nothing in the record that would justify a conclusion that such

finding was erroneous. In addition, it is not necessary to review again the complexities of the burdens, relating to proof, placed on either the movant or state in light of the record herein presented.

In a separate point, movant claims a constitutional deprivation in that the attorney he "retained" and "paid" did not act as his original trial counsel. That circumstance necessarily is of interest, but in this opinion need not be fully explored for the reason the record shows movant did have adequate and competent counsel at his original trial.

Lastly, it is argued that the proof at trial failed to establish movant was intentionally and consciously in possession of a narcotic. It is sufficient to quote from the opinion in the original appeal that: "Without contradiction the record here supports proof of possession of heroin and the test of actual or constructive possession, which may be shown circumstantially (State v. Worley, Mo., 375 S.W.2d 44, 46), is whether 'the defendant was aware of the presence and character of the particular substance, and was intentionally and consciously in possession of it.' 91 A.L.R.2d l.c. 811." State v. Young, supra, 427 S. W.2d l.c. 513. The rule, 27.26, is not designed to provide a second appeal challenging the sufficiency of the evidence. As heretofore declared: "We have ruled previously that a motion to vacate and set aside a judgment and sentence may not be used in lieu of an appeal to review trial errors or to question the sufficiency of the evidence to support a conviction. State v. Thompson, Mo., 324 S.W.2d 133." State v. Webb, Mo., 400 S.W.2d 84, 86.

The judgment is affirmed.

HENLEY and DONNELLY, JJ., and FINCH, Alternate Judge, concur.