**STATE of Missouri ex rel. John ASHCROFT, Attorney General, et al., Relators,**

v.

**Honorable William H. CRANDALL, Jr., Judge, Circuit Court, St. Louis County, Respondent.**

**No. 62509.**

Supreme Court of Missouri, En Banc.

Feb. 9, 1982.

---

John Ashcroft, Atty. Gen., Nancy Kelley Baker, Asst. Atty. Gen., Jefferson City, for relators.

Robert S. Adler, Rothman & Sokol, Clayton, for respondent.

## PER CURIAM.

Russell Thurman was charged with a state misdemeanor by information filed by the prosecuting attorney in the Associate Circuit Court of St. Louis County.

In the absence of a demand for jury trial by either party, the usual procedure is that the cause would proceed to trial before the judge without a jury. The prosecutor, however, demanded a jury trial and the cause was therefore certified by the associate circuit judge for assignment to be tried on the record in the same manner as provided in civil cases in § 517.520, RSMo 1978. § 543.-200, RSMo 1978.[1]

Section 517.520 provides, among other things, that the subsequent trial shall be in accordance with procedures applicable to trial before circuit judges with no right to trial de novo. The second sentence in § 543.200 was adopted as part of H.B. 1634 in 1978 as implementing amendments to Article 5 (Judicial Article), Constitution of Missouri, adopted in 1976. 1978 Laws of Mo. 698.

The presiding judge assigned the case to the Honorable William H. Crandall, Jr., circuit judge. Thurman filed a motion waiving jury trial which, under Mo.Const. art. 1, § 22(a),[2] requires the assent of the court to be effective. The prosecutor, under § 543.-200, filed a demand for jury trial. The circuit court assented to Thurman's jury trial waiver and placed the case on his nonjury docket.

It was the position of relator in the circuit court, and is in this Court, that § 543.200 gave the relator prosecuting at-

1. This section provides:

   After the plea of the defendant has been entered, if he plead not guilty, the defendant or prosecuting witness, or prosecuting attorney, may demand a jury; but if no jury be demanded, the case may be tried by the associate circuit judge. In the event a jury trial is requested, the associate circuit judge shall certify the case for assignment and the cause shall be assigned for a trial upon the record in the same manner as provided for civil cases in section 517.520, RSMo.

2. This constitutional provision states:

   That the right of trial by jury as heretofore enjoyed shall remain inviolate; provided that a jury for the trial of criminal and civil cases in courts not of record may consist of less than twelve citizens as may be prescribed by law, and a two-thirds majority of such number concurring may render a verdict in all civil cases; that in all civil cases in courts of record, three-fourths of the members of the jury concurring may render a verdict; and that in every criminal case any defendant may, with the assent of the court, waive a jury trial and submit the trial of such case to the court, whose finding shall have the force and effect of a verdict of a jury.

torney an absolute right to a jury trial and therefore respondent was without power to proceed without a jury.

It is the position of respondent that the right of a defendant in a criminal case to waive jury trial, provided the court assents thereto, under art. 1, § 22(a) is superior to the provisions of the statute—§ 543.200— and the circuit court, having assented to the jury trial waiver filed by the defendant, has the power to proceed with this as a nonjury case. The respondent was faced with apparently conflicting provisions of law as between Art. 1, § 22(a) and § 543.200, and in this situation found § 543.200 to be unconstitutional.

The issue in this prohibition action is whether the circuit judge, respondent, did not have the power to assent to defendant's jury trial waiver under art. 1, § 22(a) when relator demanded a jury under § 543.200, and therefore must be prohibited from proceeding with the trial without a jury.

Mo.Const. art. 1, § 18(a) grants the *accused* in *all* criminal prosecutions, inter alia, the right to jury trial. Art. 1, § 22(a), provides in part, "in every criminal case any *defendant* may, with the assent of the court, waive a jury trial and submit the trial of such case to the court ...." As indicated above, § 543.200 grants a statutory right to the state in a misdemeanor case to demand a jury.

Does the statutory right to demand a jury under § 543.200 take precedence over the constitutional right of a defendant, which if the court assents, entitles a defendant to a nonjury trial?

To ask the question is to answer it. The constitutional rights prevail over the statutory rights. Here, the court assented to the defendant's request for jury waiver. That means the trial will be without a jury and the prosecuting attorney's statutory de-

mands under § 543.200 must give way to the rights guaranteed by our constitution. There is no necessity for deciding whether § 543.200 is constitutional or not. It is sufficient to this case to recognize that, in this context, the constitutional rights prevail.

The preliminary writ of prohibition is quashed.

DONNELLY, C. J., and SEILER, WELLIVER, HIGGINS, and BARDGETT, JJ., concur.

RENDLEN, J., concurs in part and dissents in part in separate opinion filed.

MORGAN, J., concurs in separate opinion concurring in part and dissenting in part of RENDLEN, J.

RENDLEN, Judge, concurring in part and dissenting in part.

I would quash the writ for reasons quite different from those expressed by the majority, and would direct respondent, to reconsider his prior order denying the State's request for a jury. Because the majority's description of the procedural stance of the underlying case makes it difficult to identify the critical issue, it is necessary to discuss the facts in some detail and review the chronology of events in the trial court.

By this original action relators seek to prohibit respondent, The Honorable William H. Crandall, from proceeding to trial on a misdemeanor in the Circuit Court of St. Louis County until he had considered the *merits of the State's motion requesting a jury.* The State filed its motion requesting a jury as permitted under § 543.200, RSMo 1978.[1] Refusing to consider that request, respondent declared it a nullity, and in so doing, refused to exercise any discretion on the fallacious assumption of the unconstitu-

---

1. Section 543.200, RSMo 1978:
   After the plea of the defendant has been entered, if he plead not guilty, the defendant or prosecuting witness, or prosecuting attorney, may *demand* a jury; but if no jury be demanded, the case may be tried by the associate circuit judge. In the event a jury trial is requested, the associate circuit judge shall certify the case for assignment and the cause shall be assigned for a trial upon the record in the same manner as provided for civil cases in section 517.520, RSMo. (Emphasis ours).
   This statute applies in misdemeanor proceedings. *See*, Laws of Mo.1945, p. 750.

tionality of § 543.200. By its order summarily refusing to consider or rule the State's motion the trial court held:

> It is the judgment of this Court that insofar as 543.200 R.S.Mo. [1978] gives a right to a jury trial to any party other than defendant is unconstitutional as being in conflict with Article I § 22a [of the Missouri Constitution],

concluding that the State's "request [for a jury] was a nullity." [2] To relators' petition for prohibition, we issued our preliminary writ preventing respondent from proceeding in the underlying action until due consideration could be given the merits of the State's motion requesting a jury.

Prohibition is appropriate when it appears a party's right to trial by jury has been denied, *XLNT Corp. v. Municipal Court of Kansas City*, 546 S.W.2d 6, 7 (Mo. banc 1976); *Martin v. Municipal Court of Kansas City*, 546 S.W.2d 7, 8 (Mo. banc 1976), and may lie in a criminal case to review interlocutory orders entered against the State which, because of its narrowly circumscribed right of appeal, has no adequate relief except by way of extraordinary legal remedy. *State ex rel. Westfall v. Mason*, 594 S.W.2d 908, 910 (Mo. banc 1980), *vacated on other grounds, Bullington v. Missouri*, 451 U.S. 430, 101 S.Ct. 1852, 68 L.Ed.2d 270 (1981).

The questioned statute, § 543.200, RSMo 1978, affords the prosecuting attorney (as well as the defendant and the prosecuting witness) in misdemeanor cases the right to request a jury. As noted above, respon-

dent, denying the request, believed that this section conflicted with Art. I, § 22(a), Mo. Const., which grants defendants the opportunity to request a waiver of trial by jury,[3] and for that reason the State's request for jury was summarily denied.

In *State v. McClinton*, 418 S.W.2d 55, 60 (Mo. banc 1967), the Court, reviewing the historical background of the referenced constitutional provision, as well as the then current statutes (RSMo 1959) and court rules controlling an accused *misdemeanant's* right to demand or waive a jury, concluded:

> "Therefore, since 1870 at least, the defendant in a misdemeanor case has had a *statutory* right to a trial by jury (§ 546.-040) [now § 546.040, RSMo 1978] which could be waived (§ 546.050) [now § 546.-050, RSMo 1978] and the case could be tried by the magistrate if a jury was not demanded (§ 543.200) [now § 543.200, RSMo 1978]."

This latter statute, which also established authority for the State to "demand a jury", first appeared in 1870 and similar statutes providing such authority have been repeatedly enacted by subsequent legislatures both before and following adoption of the 1945 Missouri Constitution. On the other hand, prior to the adoption of Art. I, § 22(a) in 1945, one charged with a *felony* could not waive a jury and stand trial, on his plea of not guilty, before the court. *See, State v. Talken*, 316 Mo. 596, 292 S.W. 32, 33 (1927). Thus, because a defendant in a misdemeanor case had, for many years

---

**2.** On February 26, 1980, Russell Thurman was charged with impounding animals without food and water, a misdemeanor, § 578.060, RSMo 1978. Granting the prosecutor's request for a jury trial, Associate Circuit Judge Cohen certified the cause to the circuit court for trial, pursuant to § 517.520, RSMo 1978. There, considering *defendant's* newly filed motion that he be tried by the court without a jury, respondent, Judge Crandall, granted defendant's requested waiver and, as noted above, summarily and out of hand declared the prosecutor's request for a jury a nullity, refused to exercise his discretion, and declared § 543.200, RSMo 1978, unconstitutional.

**3.** Art. I, § 22(a) provides in full:

> That the right of trial by jury as heretofore enjoyed shall remain inviolate; provided that a jury for the trial of criminal and civil cases in courts not of record may consist of less then twelve citizens as may be prescribed by law, and a two-thirds majority of such number concurring may render a verdict in all civil cases; that in all civil cases in courts of record, three-fourths of the members of the jury concurring may render a verdict; and that in every criminal case *any defendant may, with the assent of the court*, waive a jury trial and submit the trial of such case to the court, whose finding shall have the force and effect of a verdict of a jury. (Emphasis added).

prior to 1945, the right to request or waive a jury, it does not appear that Art. I, § 22(a), *supra*, substantially changed or conferred new rights on one charged with a misdemeanor. Instead that section *for the first time in Missouri* conferred on one charged with a *felony* the right to waive a jury trial.

In this challenge to the statute's validity several familiar principles of constitutional law must be considered. Our state constitution is generally regarded not as a grant, but rather a limitation of legislative power and, except as thereby restricted, the power of the legislature remains broad and complete. *Kansas City v. Fishman*, 241 S.W.2d 377, 379 (Mo.1951). Accordingly, acts of our General Assembly are presumed constitutional and will be declared void only when manifestly infringing a constitutional provision. *State ex inf. Danforth ex rel. Farmers' Electric Cooperative, Inc. v. State Environmental Improvement Authority*, 518 S.W.2d 68, 72 (Mo. banc 1975); *State v. Hamey*, 168 Mo. 167, 67 S.W. 620, 628 (1902). Further, a statute fairly susceptible of construction in harmony with our Constitution will be so construed and, unless clearly repugnant, upheld. *State ex rel. Barrett v. May*, 290 Mo. 302, 235 S.W. 124, 126 (banc 1921).[4] The majority overlooking time honored canons of construction makes no effort to harmonize the statute with the Constitution; and instead, construes the statute and the Constitution in a manner to assure their disharmony. Having so done, the majority announces that the constitutional provision prevails and effectively nullifies the statute. In sum, the majority invalidates the statute (§ 543.200), declaring, "the constitutional rights prevail over the statutory rights." The majority having thus effectively struck down the statute, then beclouds that fact with this curiously inconsistent statement:

There is no necessity for deciding whether § 543.200 is constitutional or not.

While the constitutional provision, declared by the respondent and now the majority as rendering the statute invalid, permits the defendant to opt for a jury waived trial, it also contains limiting language spelling a condition to the "right". The right is not absolute but requires the assent of the court. Section 22(a) of Art. I, provides in pertinent part:

that in every criminal case any defendant may, *with the assent of the court*, waive a jury trial and submit the trial of such case to the court, whose finding shall have the force and effect of a verdict of a jury. (Emphasis added).

The majority construes the phrase "with the assent of the court" as requiring the trial courts to rubber-stamp the requested waiver; that the trial court has no discretion, that its assent must be given and the phrase "with the assent of the court" describes nothing more than a ministerial act, reducing the function of the court to that of a clerk. This, of course, distorts the language of the section and emasculates the obvious intent of the framers and the people when adopting the constitutional provision. Further, such construction produces the disharmony upon which nullification of the statute by the majority is predicated.

We are required to give effect to *each clause* in the section, *Harrison v. M.F.A. Mut. Ins. Co.*, 607 S.W.2d 137, 144 (Mo. banc 1980), and in so doing, clearly a criminal

---

**4.** Among the several various canons of construction ignored by the majority are the following: A statute is presumed constitutional and must not be held otherwise unless it "clearly and undoubtedly" contravenes the Constitution. *Prokopf v. Whaley*, 592 S.W.2d 819 (Mo. banc 1980). Legislative enactments should be recognized and enforced by our courts as embodying the will of the people unless they plainly and palpably impinge on the fundamental law contained in the Constitution. *Americans United v. Rogers*, 538 S.W.2d 711 (Mo. banc 1976), *cert. denied*, 429 U.S. 1029, 97 S.Ct. 653, 50 L.Ed.2d 632. Though a statute cannot lawfully supercede the Constitution, this Court, whenever possible, must *harmonize* the statute with the Constitution, interpreting the statute within the strictures of our organic law. *McIntosh v. Haynes*, 545 S.W.2d 647 (Mo. banc 1977). Stated otherwise, we are bound to avoid, if possible, a construction which would bring the statute into conflict with constitutional limitations. *Cascio v. Beam*, 594 S.W.2d 942 (Mo. banc 1980). For a plethora of cases applying these principles, see 7 Mo. Digest, *Constitutional Law*, Keynote 48.

defendant's decision to waive a jury is subject to the court's *assent*. *See, State v. Sharp*, 533 S.W.2d 601 (Mo. banc 1976); *Young v. State*, 473 S.W.2d 390 (Mo.1971); *State v. Taylor*, 391 S.W.2d 835 (Mo.1965). This assent requires an exercise of judicial discretion. Accordingly, the question properly becomes, what factors may the trial court consider when granting or denying *assent* to the defendant's requested waiver.

Before discussing what those pertinent factors might be, we must next turn our attention to the construction impressed on the questioned statute by the majority. The majority interprets § 543.200 as giving the prosecutor the *absolute* right to have a jury if he so demands, in effect giving the prosecutor the power to veto the defendant's right of waiver and necessarily suggesting the trial court has no discretion in the matter. This harsh narrow construction of the statute ("demand" for jury) brings it into conflict with the majority's similar narrow construction of the Constitution ("waiver" of jury) and thus, having artifically created the conflict, the majority declares that the constitutional provision prevails.

The statute should not be so construed and I submit the following analysis, which would attune the statute and Constitution, not only honors established canons of construction but is historically justified.

As we have seen, our legislature has since at least 1870 granted the defendant, the prosecuting witness, or the prosecuting attorney, in a misdemeanor case, the right to "demand a jury". The essence of the pertinent portion of § 543.200, RSMo 1978, was first enacted in 1870, Laws of 1870, p. 63, § 1, amending the General Statutes of 1865, § 5 of Chapter 186, p. 726. There, the phrase "require a jury" was used, but in 1879 (on reenactment) and in the current version the word "demand" is substituted. The term "demand" has been variously defined as "to ask relief" or "to ask, or claim". Black's Law Dictionary 386 (Rev. 5th ed. 1979); 26A C.J.S. Demand, 173 (1956). In the context, § 543.200, "demand" is used in the sense of a privilege or

benefit sought from the hand of the court, and the section must be interpreted as providing the prosecuting attorney the right to *request* that the case be tried by a jury subject, however, to the court's assent. This interpretation finds support in the language of the next sentence of § 543.200, where the term "demand" does not appear, instead, the term "requested" is employed, suggesting the legislature intended the terms as equivalents and interchangeable within the section. Hence, this statutory "right" of the prosecutor to "demand a jury" in misdemeanor cases is not absolute, but conditioned in a manner similar to the constitutional "right" of defendant to "waive a jury" in such cases. *Each requires assent of the court.* This construction of the statute (contrary to respondent's assertion) would *not* give the State the power to veto defendant's privilege of waiver and tie the hands of the court when deciding whether to "assent" to the requested waiver. Though the majority has adopted a narrow view and considered that the section conferred such veto power on the State, such could not have been the legislative intent, for we must presume our General Assembly would not purposefully design a constitutionally self-destructive act. Construing the statute consonant with Art. I, § 22(a), I would hold that the phrase "may demand a jury" employed in the first sentence of § 543.200 and the phrase "in the event a jury trial is requested" appearing in the second sentence equate to a *request* for a jury trial subject to the court's approval and accordingly the statutory section is not invalid.

In reaching this decision, I heed the traditional importance to society of the jury as fact finder, an institution long established in Anglo-Saxon law. As aptly stated in *Patton v. United States*, 281 U.S. 276, 312–13, 50 S.Ct. 253, 263, 74 L.Ed. 854 (1930),

> In affirming the power of the defendant in any criminal case to waive a trial by a constitutional jury and submit to trial by a jury of less than twelve persons, or by the court, we do not mean to hold that the waiver must be put into effect at all

events. That perhaps sufficiently appears already. Trial by jury is the normal and, with occasional exceptions, the preferable mode of disposing of issues of fact in criminal cases above the grade of petty offenses. In such cases the value and appropriateness of jury trial have been established by long experience, and are not now to be denied. Not only must the right of the accused to a trial by a constitutional jury be jealously preserved, but the maintenance of the jury as a fact finding body in criminal cases is of such importance and has such a place in our traditions, that, before any waiver can become effective, the consent of government counsel and the sanction of the court must be had, in addition to the express and intelligent consent of the defendant. And the duty of the trial court in that regard is not to be discharged as a mere matter of rote, but with sound and advised discretion, with an eye to avoid unreasonable or undue departures from that mode of trial or from any of the essential elements thereof, and with a caution increasing in degree as the offenses dealt with increase in gravity. The historic significance of the jury explains in part why the framers of our 1945 Constitution, intent on maintaining and preserving the system as it existed at common law,[5] limited this option (newly conferred in felony cases) and required as a prerequisite to a valid waiver, the approval or assent of the court. *See*, Art. I, § 22(a), Mo.Const. *See also*, Comment, Waiver of Jury Trial in Criminal Cases, 14 Mo.L.Rev. 185, 190 (1949).

From this I would conclude that in misdemeanor trials when a *defendant* requests a jury, though assent of the court is required under § 543.200, it is difficult to perceive a situation where that request would be denied. Similarly, if the *State* requests a jury and defendant makes no request for waiver, assent to the State's request should be freely accorded. When, as in the case at bar, the State requests a jury and defendant

requests a waiver, the court should weigh the pertinent factors giving paramount consideration to defendant's request and grant the waiver unless it is clear this course would result in a miscarriage of justice.

I agree with the majority that our preliminary rule, insofar as it prohibited respondent from proceeding in Thurman's trial, should be quashed, however, because respondent's denial of the State's request for a jury was bottomed on the erroneous notion that the statute permitting such a request was unconstitutional, I would direct that respondent reconsider the request in light of views expressed herein.

---

**5.** The opening phrase of Art. I, § 22(a) reflects this concern: "That the right of trial by jury as

heretofore enjoyed shall remain inviolate ..."