STATE of Missouri, Respondent,

v.

Ricky Lee OLDHAM, Appellant.

No. WD 35335.

Missouri Court of Appeals, Western District.

Aug. 14, 1984.

James J. Wheeler, Keytesville, for appellant.

Michael L. Midyett, Pros. Atty., Keytesville, for respondent.

Before PRITCHARD, P.J., and SOMERVILLE and KENNEDY, JJ.

PRITCHARD, Presiding Judge.

Appellant was convicted by the verdict of a jury of driving while intoxicated, but the jury did not assess a punishment. The court thereafter imposed a $250 fine upon appellant.

In his first point, appellant contends that the associate circuit judge erred in certifying the case to the presiding circuit judge for assignment after the state requested a jury trial, thus depriving him of a trial de novo. Appellant never did waive a jury trial which was his option under Art. I, § 22a, Const.Mo. Section 543.-200, RSMo 1978, provides that the prosecuting attorney may demand a jury in which event the associate circuit judge shall certify the case for assignment. The case was so assigned by the presiding circuit judge, and was thereafter tried to a jury without appellant ever waiving his right to a jury trial which makes this case inapposite to *State ex rel. Ashcroft v. Crandall,* 627 S.W.2d 284 (Mo. banc 1982). Point I is without merit, and is overruled. It should be noted upon remand that there will be no right to a trial de novo under § 543.290 because the case is one which has been assigned by the presiding circuit judge to an associate circuit judge, and after trial, any appeal must be taken to the appropriate appellate court under § 543.-335.

In his second point appellant contends that the trial court erred in denying his motion for change of judge and change of venue because when the motion was filed, the case had not been set for trial by any court having authority to do so; that the order of the associate circuit judge made after the state demanded jury trial was without authority. In this contention, appellant is correct. The legal file shows that on July 12, 1983, appellant appeared with counsel, waived formal arraignment, and pleaded not guilty. The Honorable George S. Thompson then set the case for trial for August 2, 1983, at 9:00 a.m. The state then requested a jury, and the court (following § 543.200, supra) certified the case to the presiding judge for assignment. At this point, the associate circuit court was deprived of all jurisdiction in the case, and the trial setting was a nullity. It is apparent that the presiding judge had authority to assign the case to any associate circuit judge within the judicial circuit. In fact, however, the presiding judge, on July 19, 1983, assigned the case for trial by jury to the Honorable George S. Thompson, who then acquired jurisdiction of the case anew. The case was never thereafter reset for trial, but was tried on August 2, 1983, as per the former designation of a trial set-

ting. In this situation, appellant's motions for change of venue and change of judge were timely filed under Rules 32.03 and 32.07 ("In misdemeanor cases the application must be filed not later than ten days before the date set for trial.") Appellant filed his motions and notice on July 26, 1983, at which time there was no trial setting. Certainly, if the case had not been assigned to Judge Thompson, but to another associate circuit judge, the latter would have been required, in the normal course of procedure, to designate a trial setting. In these circumstances, the trial court, upon the timely application for both a change of judge and a change of venue, should have promptly sustained the application for change of judge, and should have notified the presiding judge for the purpose of assigning a judge within the circuit or to request the Supreme Court to transfer a judge to rule on the application for change of judge, in accordance with Rule 32.08.

The judgment is reversed and the case is remanded with directions that the procedure of Rule 32.08 be followed, and thereafter for new trial. Other questions presented need not be ruled at this time.

All concur.