**CITY OF ST. LOUIS (Plaintiff), Respondent,**

**v.**

**Edward MOORE (Defendant), Appellant.**

Nos. 29288, 29289.

St. Louis Court of Appeals.
Missouri.

March 20, 1956.

John T. Sluggett, III, Clayton, for appellant.

Samuel H. Liberman, City Counselor, W. H. Freivogel, Asst. City Counselor, St. Louis, for respondent.

WOLFE, Commissioner.

The defendant was charged with the violation of two city ordinances and convicted on both charges in the city court. He took an appeal in both cases to the St. Louis Court of Criminal Correction where he was again convicted and again appeals the convictions. The point raised is the same in both cases and the appeals are here considered as one.

The cases were called for trial in the court of criminal correction and an attorney representing the defendant asked for a continuance. The court announced that the cases had been continued before for the defendant and that there would be no further continuances. The attorney for the defendant then announced, "I want to try it with a jury." The court considered this as a motion for a jury trial and overruled it. At this point counsel for the city announced that it would be ready for trial and stated that the cases had been con-

tinued on two occasions in the city court and once in the court of criminal correction, all on behalf of the defendant. He stated that one witness from out of town had attended on all occasions at his own expense and that the City was ready for trial. Counsel for defendant also asked for an hour's continuance for the purpose of seeking a writ of prohibition and this was overruled. Defendant's counsel announced that defendant was not present in court and counsel himself left the courtroom.

The court then proceeded to hear the witnesses. The first witness testified that he was driving north on Broadway in the City of St. Louis when an automobile driven by defendant turned directly towards him and crashed into his car. He said that defendant Moore was intoxicated and the witness and his four passengers who were injured rode with Moore to the hospital in a police car.

Two police officers who came to the scene said that Moore was intoxicated and that they took him to the hospital. A police laboratory technician testified that he took an intoximeter test on Moore and that this test definitely indicated intoxication.

The court made an entry finding the defendant in default. His punishment was assessed at fines of $200 for driving while intoxicated and $100 for careless and reckless driving. Both of these charges were under city ordinances. The defendant filed a motion for a new trial and upon it being overruled appealed to this court.

The only, point raised is that the court erred in refusing to grant the request made by the attorney for the defendant for a jury trial. It is first asserted that this violated the constitutional right of the defendant. This court would be without jurisdiction of the appeal if a constitutional question were properly presented. Art. 5, § 3, Constitution of Missouri, 1945, V.A.M.S. It is a familiar rule that in order to preserve a constitutional question it should be raised in the case as early as may be done. Counsel at no time either in his brief appearance before the trial or in his later motion for a new trial makes mention of the Constitution. Such question is therefore not properly preserved for appellate review and we therefore have jurisdiction. State v. Williams, 337 Mo. 987, 87 S.W.2d 423; Red School Dist., etc. v. West Alton School Dist., Mo., 159 S.W.2d 676; State v. Powers, 350 Mo. 942, 169 S.W.2d 377; Appeal of Mac Sales Co., Mo., 256 S.W.2d 783.

It is next asserted that in denying the request for a jury the court acted in violation of the statutes. The relevant statutes and rules as they concern appeals to the court of criminal correction provide in Section 479.110 RSMo 1949, V.A.M.S.:

"The court shall have and exercise exclusive appellate jurisdiction in all cases appealed from city police courts in the city of St. Louis, and all such appeals shall be taken in the manner and form prescribed by section 543.290, R.S. Mo. 1949, for misdemeanor cases appealed from the magistrate court, except that the application for appeal shall be filed immediately after judgment."

This quite obviously deals only with the manner and form by which the appeal is taken and by reference to Section 543.290 RSMo 1949, V.A.M.S., to the provisions for a recognizance. It does not therefore relate to the trial of the case upon appeal.

For that we look to Section 98.020 RSMo 1949, V.A.M.S., which is a general statute governing appeals from police courts for the violation of city ordinances, and it states that such appeals "shall be in the nature of a criminal appeal from a magistrate." A full discussion of this section is to be found in City of Clayton v. Nemours, 237 Mo.App. 167, 164 S.W.2d 935.

Thus we are brought to the point of considering the nature of criminal appeals from a conviction before a magistrate. For this we have Supreme Court Rule 22.16, 42 V.A.M.S., which provides that such appeals shall be heard and tried de novo in the cir-

cuit court as though the prosecution had originated in such court.

It is therefore obvious that the trial in the court of criminal correction should have been the same as if the case had originated there. The procedure to be followed is that prescribed by statute for trials in the court of criminal correction. This is Section 479.180 RSMo 1949, V.A.M.S., which states: "The proceedings of said court shall be governed by the laws regulating proceedings and practice in criminal cases, so far as the same may be applicable, and no written pleadings shall be required of the defendant in any case." It appears therefore that the trial in the court of criminal correction should be the same as a trial before a magistrate, for Supreme Court Rule 22.09 states in almost the same language: "All proceedings upon the trial of misdemeanors before magistrates shall be governed by the practice in criminal cases in circuit courts, so far as the same may be applicable * * *."

■ Considering now the question of the defendant's right of trial by jury before a magistrate, Section 543.200 RSMo 1949, V.A.M.S., provides that he shall have that right upon request and it is error to refuse it.

■ Since the case must be retried it should also be noted that the defendant must be present in court for the trial. When the case is called and the defendant is not present the court may then order a *capias* for his arrest. There is but one exception to the need for the presence of the defendant at the trial and that is where the defendant, charged with a misdemeanor, may request that he be allowed to plead and stand trial while absent from the court. This may be done with the consent of the court and the prosecutor. Supreme Court Rule 29.02.

■ It should also be noted that there was no finding that the defendant was guilty. This is a requisite before a sentence may be imposed. City of St. Louis v. Meixner, Mo.App., 285 S.W.2d 50.

For the reasons stated, it is the recommendation of the Commissioner that the judgment be reversed and the cause remanded for a new trial.

PER CURIAM.

The foregoing opinion of WOLFE, C., is adopted as the opinion of the court.

The judgment of the court of criminal correction is accordingly reversed and the cause remanded for a new trial.

ANDERSON, P. J., and N. T. CAVE and GEORGE P. ADAMS, Special Judges, concur.