**CITY OF ST. LOUIS (Plaintiff),**
**Respondent,**

v.

**Kenneth WALKER (Defendant), Appellant.**

**No. 29772.**

St. Louis Court of Appeals.

Missouri.

Feb. 4, 1958.

Francis P. Dorsey, Granville L. Gamblin, St. Louis, for appellant.

James V. Frank, City Counselor, W. H. Freivogel, N. B. Young, Asst. City Counselors, St. Louis, for respondent.

ANDERSON, Judge.

The defendant was charged with disturbing the peace, in violation of Section 20, Chapter 46, of the Revised Code of the City of St. Louis. The prosecution originated in the City Court where a conviction was obtained. Defendant took an appeal to the Court of Criminal Correction where he was again convicted. This appeal is from the latter conviction.

When the case was called for trial defense counsel requested a continuance, stating that the defendant was ill. This motion was denied. Defendant's counsel then requested a jury trial. In response to this request the trial judge stated he would not grant a trial by jury unless the defendant was present. Defense counsel replied that the defendant was not present, whereupon the court stated: "We'll proceed by default." The court then proceeded to hear the testimony.

Police Officer James Hackett was called to the stand. He testified that on September 21, 1956, while driving south on Kingshighway he noticed a large number of Negro boys around an automobile which was occupied by five or six white youths. Kenneth Walker, the defendant, was the driver of the automobile. One of the Negro boys had a pistol in his hand. When Officer Hackett and Captain McAllister arrived at the scene the Negro boy with the pistol ran. Defendant then got out of the car with a knife in his hand, waved the knife, and used "strong words" directed at the Negro boys. The officer testified he did not hear any of the words spoken. There were about one hundred people gathered at the scene of the disturbance. The officers made six arrests. The Negro boys were all juveniles. The witness testified that defendant said he had gone to meet some friends of his who were attending O'Fallon Technical High School; that defendant said he heard there was going to be a gang fight so he went with these friends; that defendant had a knife in the glove compartment of his car and when he saw the Negro boy pointing the pistol through the window he took the knife from the glove compartment to protect himself; that defendant denied waving the knife. The witness further testified that his investigation revealed that the pistol was thrust through the window where Walker was seated and pointed at Walker's head.

On the foregoing evidence the court found defendant guilty and as punishment

assessed a fine of $300. Defendant filed a motion for new trial and upon its being overruled appealed to this court.

It is urged that the court erred in (1) refusing to grant appellant's, request for a jury trial; and (2) trying the case without the presence of :defendant in court.

In the recent case of City. of St. Louis v. Moore, Mo.App., 288 S.W.2d 383, we held that it was error for the Court of Criminal Correction to deny a jury trial to a defendant charged with the violation of a city ordinance. In the opinion in that case we set out fully our reasons for so holding. Those reasons were based upon an interpretation of applicable statutes which in our judgment made it mandatory on the court to afford the accused a jury trial when same was requested. We referred to Section 98.020 RSMo 1949, V.A. M.S., which provides that an appeal from a police court for the violation of a city ordinance "shall be in the nature of a criminal appeal from a magistrate." We referred also to Supreme Court Rule 22.16, 42 V.A.M.S., which provides that such appeals shall be heard and tried de novo. We then held: (288 S.W.2d loc. cit. 385)

"It is therefore obvious that the trial in the court of criminal correction should have been the same as if the case had originated there. The procedure to be followed is that prescribed by statute for trials in the court of criminal correction. This is Section 479.180 RSMo 1949, V.A. M.S., which states: 'The proceedings of said court shall be governed by the laws regulating proceedings and practice in criminal cases, so far as the same may be applicable, and no written pleadings shall be required of the defendant in any case.' It appears therefore that the trial in the court of criminal correction should be the same as a trial before a magistrate, for Supreme Court Rule 22.09 states in almost the same language: 'All proceedings upon the trial of misdemeanors before magistrates shall be governed by the practice in criminal cases in circuit courts, so far as the same may be applicable * * *.'

"Considering now the question of the defendant's right of trial by jury before a magistrate, Section 543.200 RSMo 1949, V.A.M.S., provides that he shall have that right upon request and it is error to refuse it."

Respondent says the Moore case, supra, should be overruled. In support of this contention it is pointed out that neither the Constitution of Missouri nor the Constitution of the United States guarantees to a person charged with the violation of a city ordinance the right of trial by jury. To this we agree. However, the right here asserted is not based upon any supposed constitutional right, but upon the statutes regulating procedure, which in our judgment clearly provide for a jury trial in such cases, if requested.

Respondent next contends that since such prosecutions have been regarded by the courts as civil in nature, the right of trial by jury is governed by the provisions of the Civil Code, Section 510.190 RSMo 1949, V.A.M.S., which, among other things, provides that a party may be deemed to have waived a trial by jury by failing to appear at the trial.

Respondent's contention cannot stand in the face of the statutes cited and construed in the Moore case, supra. No doubt the Legislature could amend the law and take away the right to a jury trial in such cases. Such action would no doubt be constitutional, under the ruling of the Supreme Court in Delaney v. Police Court of Kansas City, 167 Mo. 667, 67 S.W. 589, but until the Legislature takes such action we are not at liberty to set aside or ignore the statutes cited and relied on in the Moore case, supra. And this is so whether such actions be deemed civil, criminal, or quasi criminal. We see no reason to depart from the ruling in the Moore case, supra. Said case rules the. case at bar. The trial

court erred in denying defendant's request for a jury trial.

**[2.]** The court also erred in trying the case without the presence of defendant in court. This point is also ruled by City of St. Louis v. Moore, supra. There we said:

> "Since the case must be retried it should also be noted that the defendant must be present in court for the trial. When the case is called and the defendant is not present the court may then order a *capias* for his arrest. There is but one exception to the need for the presence of the defendant at the trial and that is where the defendant, charged with a misdemeanor, may request that he be allowed to plead and stand trial while absent from the court. This may be done with the consent of the court and prosecutor. Supreme Court Rule 29.02."

But respondent says our ruling in the Moore case is erroneous and contrary to the previous controlling decision of the Supreme Court in City of St. Louis v. Murphy, 24 Mo. 41. In that case, the defendant was tried before the City Recorder for a breach of the peace. Defendant was found guilty and fined $50. He appealed to the St. Louis Criminal Court. On the day the case was set he appeared with his witnesses. During the course of the day he absented himself from the courtroom for a short period to answer the call of nature. During his absence his case was called for trial. Defendant, of course, did not answer, whereupon the court affirmed the judgment of the Recorder. This judgment was affirmed by the Supreme Court which held that such a judgment was authorized by the statute, and that the trial court did not abuse its discretion in refusing to set it aside. In passing on the case, the court said:

> "By the city charter, as amended by the legislature in 1852 and '53, the recorder has the same jurisdiction as justices of the peace within the limits of the city, in all state cases. He

has jurisdiction over all cases arising under any ordinances of the city, subject to an appeal in all cases to the St. Louis Criminal Court; and every such appeal shall be taken and granted in the same manner as appeals are taken from and granted by justices of the peace to the Criminal Court (meaning the Circuit Court) under the general law of the state. Now the statute concerning breaches of the peace (R.C. 1845, p. 674, § 15,) allows appeals to the Circuit Court to any person convicted under it. The 20th section of this act (R.C.1845, p. 675) declares, '*If the judgment of the justice shall be affirmed,* or if, upon a trial in the Circuit Court, the defendant shall be convicted,' etc. Here, then, we see that the law has contemplated that the judgment in these criminal cases, for breaches of the peace, might be affirmed in the Circuit Court on appeal. There is nothing to prevent the same proceeding in the Criminal Court on appeal from the recorder's court. In appeals from justices of the peace in civil cases, if the appellant fails to prosecute his appeal, the judgment may for that reason be affirmed."

At first blush it would appear that the Murphy case is in point and should rule the case at bar. However, by comparing the statutory law as it then existed with the law now controlling a different conclusion must be reached. It will be observed that the court in that case placed its ruling upon the provisions of Section 20, Chapter 94, Revised Statutes of 1845. That section provided: "If the judgment of the justice shall be affirmed, or upon a trial in the circuit court the defendant shall be convicted, and any fine assessed, judgment shall be rendered for such fine, and the costs in both courts, against the defendant and his securities."

At the present time the procedure in such cases is governed by Supreme Court Rule 22.16, which reads:

"After a case appealed from a magistrate court has been entered upon the docket of the circuit court in accordance with the provisions of Rule 22.11, the case shall be heard, tried and determined de novo in the circuit court as though the prosecution had originated in such court. If the defendant shall be convicted in the circuit court, the judgment entered upon the finding or verdict shall assess the costs of both the magistrate court and the circuit court in the manner provided by law."

It further appears that at the time the Murphy case, supra, was tried the statute requiring the presence in court of an accused in certain cases did not apply to the offense for which Murphy was being tried. Chap. 138, Art. VI, § 14, p. 880, R.S.Mo. 1845. It applied only to indictable offenses. The offense for which Murphy was being tried was by statute expressly declared not to be an indictable offense. Chap. 94, § 1, p. 672, R.S.Mo.1845.

At the present time we have Supreme Court Rule 29.02 which requires the presence of the defendant in court in such cases except where the defendant is allowed to plead and stand trial while absent from the court, the court and prosecutor consenting thereto.

Respondent also relies upon the case of City of St. Louis v. Fitch, 238 Mo.App. 725, 187 S.W.2d 63. In that case the defendant had been tried and convicted in the City Court for the violation of a city ordinance. He appealed to the Court of Criminal Correction. When the case was called defendant failed to appear. Notwithstanding the absence of the defendant, the court proceeded with the trial, heard evidence, and entered a judgment of conviction. On appeal, the defendant contended that the trial court was without authority to hear evidence and enter judgment thereon, but should have affirmed the judgment. No point was made that the court proceeded to trial without defendant being present.

This court affirmed, holding that, under § 3843 R.S.Mo.1939, Section 543.320 RSMo 1949, V.A.M.S., the trial court could either affirm the judgment of the City Court or try the case de novo. We were in error in approving sub silentio the action of the court in proceeding to trial without the presence of the defendant. This, for the reason that the requirements of Supreme Court Rule 29.02 were a part of the statutory law at that time. § 4054 R.S.Mo.1939, Section 546.030 RSMo 1949, V.A.M.S. And the holding that the court could, under § 3843 R.S.Mo.1939, affirm, without trial, the judgment of the City Court is no longer the law. Supreme Court Rule 22.16.

State v. Daugherty, Mo.App., 250 S.W. 957, cited by respondent, is not in point. It appears from the opinion in that case that the absence of the defendant during the trial was with the consent of the court and prosecutor. This consent must have been in response to a request from the defendant, although the opinion does not so state, otherwise the court of appeals would have placed a construction on Section 4008 R.S.Mo.1919 (now Supreme Court Rule 29.02) which would have rendered it violative of Article 2, Section 22, of the Missouri Constitution of 1875 (now Article 1, Section 18(a) of our present constitution). We do not believe the court so intended. Likewise, we do not think the Supreme Court intended to enact a rule which would be violative of the Constitution. To be constitutional, the requirement of the consent of the court and prosecutor, referred to therein, must be in response to the request of the accused. Such requirement is to be implied from the language used when construed in the light of constitutional requirements and the purpose intended to be accomplished.

The judgment is reversed and the cause remanded.

MATTHES, Acting P. J., and JAMES D. CLEMENS, Special Judge, concur.