**6**

XLNT CORPORATION, Respondent,

v.

The MUNICIPAL COURT OF KANSAS
CITY, Missouri, et al., Appellants.

No. 59491.

Supreme Court of Missouri,
En Banc.

Dec. 30, 1976.
Rehearing Denied Feb. 14, 1977.

Dan G. Jackson III, Asst. City Atty.,
Kansas City, for appellants.

Donald V. Pierce, Jr., Kansas City, for
respondent.

DONNELLY, Justice.

On August 21, 1975, and September 4,
1975, an agent of respondent was sum-
moned to appear in the Municipal Court of
Kansas City, Missouri, to answer a charge
that respondent had exhibited obscene mov-
ies. The case was continued from time to
time and on September 23, 1975, counsel for
respondent filed his Petition for Writ of
Prohibition with the Circuit Court of Mis-
souri, Sixteenth Judicial Circuit. On Sep-
tember 23, 1975, the Honorable J. Donald
Murphy, Judge of the Circuit Court, issued
a Preliminary Writ of Prohibition.

The parties then filed pleadings and stip-
ulations as to facts and, on January 26,
1976, Judge Murphy decided the issues in
respondent's favor and entered the follow-
ing conclusions of law:

"1. That by reason of the specific pro-
hibition contained in Kansas City, Missou-
ri, Code Section 22.1 (1968) * * *, the
Municipal Court of Kansas City, Missouri,
cannot provide a jury in the trial of al-
leged violations of said city's obscenity
ordinances.

"2. That under the decisions of United
States Supreme Court and the Supreme
Court of the State of Missouri in *Miller v.
California,* 413 U.S. 15, 93 S.Ct. 2607, 37
L.Ed.2d 419 (1973) and *McNary v. Carl-
ton, et al.,* 527 S.W.2d 343 (Mo. banc
September 8, 1975), respectively, the
courts of this state, including those of its
municipal subdivisions, cannot proceed in
the prosecution of an alleged violation of
an obscenity law or ordinance without
first impaneling a jury to determine the
issues of obscenity pursuant to the guide-
lines set forth in *Miller, supra.* Accord-
ingly, the exercise of jurisdiction in such
cases by the Municipal Court of Kansas
City, Missouri, without the ability to pro-
vide a jury as the trier of fact as to the
issues of obscenity contained in the
charges against the plaintiff herein,
would be a clear violation of the man-
dates set forth in the decisions of the
United States Supreme Court and the
Missouri Supreme Court en Banc afore-
said, * * *."

A peremptory writ of prohibition was entered February 6, 1976.

Appellants appealed to this Court. Section 530.080, RSMo 1969; Rule 97.06.

The parties agree that the Municipal Court was barred by ordinance from providing respondent with a trial by jury.

In *Miller v. California,* 413 U.S. 15, 93 S.Ct. 2607, 37 L.Ed.2d 419 (1973), the United States Supreme Court reformulated the constitutional tests for determining obscenity under the First and Fourteenth Amendments to the Constitution of the United States. In *Hamling v. United States,* 418 U.S. 87, 94 S.Ct. 2887, 41 L.Ed.2d 590 (1974), the Court explained the *Miller* holding. In *McNary v. Carlton,* 527 S.W.2d 343 (Mo. banc 1975), this Court construed *Miller,* as explained in *Hamling,* to mean that, in determining obscenity under the First and Fourteenth Amendments, a jury determination of contemporary community standards is constitutionally required.

In *City of Kansas City, Missouri v. Darby,* 544 S.W.2d 529 (Mo. banc 1976), (decided December 13, 1976), this Court held that a constitutionally acceptable determination of obscenity cannot be made in the Municipal Court in Kansas City because no jury is available, and that this constitutional deficiency cannot be cured by the process of allowing an appeal to the circuit court and making a jury available there.

■■■ Accordingly, we must conclude that Judge Murphy did not err in prohibiting the Municipal Court of Kansas City from proceeding with respondent's trial. Prohibition will lie where a right to a jury trial is improperly denied. *Ex parte Peterson,* 253 U.S. 300, 305, 306, 40 S.Ct. 543, 64 L.Ed. 919 (1920).

The judgment is affirmed.

All concur.