STATE of Missouri ex rel. Captain Edmund MORAN, Relator (Respondent),

v.

Theodore D. McNEAL, Edward J. Walsh, Jr., George T. Mehan, Jr., Mrs. John W. Seddon, John H. Poelker, Respondents (Appellants).

STATE of Missouri ex rel. Captain Edmund MORAN, Relator (Appellant),

v.

Theodore D. McNEAL, Edward J. Walsh, Jr., George T. Mehan, Jr., Mrs. John W. Seddon, John H. Poelker, Respondents (Respondents).

Nos. 38661, 38881.

Missouri Court of Appeals,
St. Louis District,
Division One.

Aug. 23, 1977.

Motion for Rehearing and/or Transfer Denied Oct. 11, 1977.

Application to Transfer Denied Nov. 14, 1977.

the Board of Police Commissioners of the City of St. Louis, from holding a disciplinary hearing of respondent, a captain in the Police Department. We dissolve the permanent writ. Appellant Moran in 38881, an appeal consolidated with that of appellants, seeks to reverse the action of the trial court dismissing his "Motion for Orders in Protection of the Court's Jurisdiction" which motion sought to prevent the Board from transferring Moran to other duties. We affirm the order of the trial court finding that such action by the Board was not in violation of the writ of prohibition.

The writ of prohibition issued by the trial court was based solely upon its determination that the members of the Board had formed a prejudgment of Captain Moran's case. It was in no way based upon any contention, charge or evidence that the Board as an entity was precluded from conducting a hearing, only that all its members were disqualified to hear the case. The petition and the writ issued were directed to the members of the Board. We need not and do not rule on the trial court's determination of the board members' prejudice or whether the prohibition issued was proper.

Since the trial court's order of prohibition the entire membership of the Board has changed. Whatever prejudices may or may not have existed in the old Board based upon individual familiarity with the case, there is no reason to believe such prejudices exist in the present Board. There is therefore no reason for the prohibition to remain in effect. It is dissolved.

We have reviewed the record in respondent's appeal. Under the scope of our review (Rule 73.01 and *Murphy v. Carron*, 536 S.W.2d 30 (Mo. banc 1976)) we find the judgment of the trial court is supported by substantial evidence and is not against the weight of the evidence. There was adequate basis for the court to conclude that respondent's transfer was simply a normal departmental change and not a punitive action in violation of the prohibition.

The trial court's writ of prohibition issued in No. 38661 is dissolved.

Judgment in No. 38881 is affirmed.

Lashly, Caruthers, Rava, Thies & Hamel, Albert J. Stephan, Jr., St. Louis, for Theodore McNeal et al.

London & Greenberg, Lawrence J. Fleming, St. Louis, for State ex rel. Captain Moran.

SMITH, Judge.

Appellants in 38661 appeal from the action of the trial court in making permanent a writ prohibiting them, as the members of

CLEMENS, P. J., concurs.

DOWD, J., not participating.