CITY OF CAMERON, Respondent,

v.

Carl STINSON, Appellant.

No. WD 32412.

Missouri Court of Appeals,
Western District.

March 16, 1982.

Rehearing Denied May 4, 1982.

Theodore M. Kranitz of Kranitz & Kranitz, P. C., St. Joseph, for appellant.

Donald G. Kimball, Cameron, for respondent.

Before CLARK, P. J., and MANFORD and KENNEDY, JJ.

MANFORD, Judge.

This appeal follows a jury conviction for maintaining a nuisance in violation of a city ordinance. The judgment is reversed and remanded.

Appellant presents no less than ten points of error on appeal. Due to the disposition of this case, only one of these points is considered and the remainder, while of questionable validity, are not addressed. In summary, appellant charges the trial court erred in the submission of the verdict-directing instruction (No. 5) as its format and construction were in violation of MAI–CR2d 2.04.

A brief summary of the facts suffices. Respondent (City of Cameron), by information, charged appellant with maintaining a nuisance in violation of the city code. The charges included the storing of unlicensed vehicles, old auto parts, and other assorted metal and junk constituting a hazard to children and affording a breeding place for rats, rodents and other vermin. In addition to photographs, respondent's evidence consisted of oral testimony of the Chief of Police. Appellant's evidence attempted to characterize the various properties as busi-

ness inventory. Appellant was found guilty in municipal court and fined $100.00. He appealed and secured a trial de novo with a jury in the circuit court. He was again convicted, fined $100.00 and now presents this appeal.

Instruction No. 5 reads:

If you find and believe from the evidence beyond a reasonable doubt;

That on or about the 6th day of November, 1979, in the city of Cameron, county of Clinton, state of Missouri, the defendant, Carl Stinson, did violate the ordinance known as Section 13–16 of the Cameron City Code entitled 'Unlawful to maintain nuisance' as defined in Ordinance 13–15a of the Cameron City Code entitled 'Declared public nuisance' by then and there storing and maintaining upon property at 603 East Second Street, Cameron, Missouri, old automobile parts and other assorted metal and junk being a hazard to children and affording a breeding and nesting place for rats, mosquitoes, flies, rodents and other vermin,

then you will find the defendant guilty.

However if you do not find and believe from the evidence beyond a reasonable doubt each and all of those propositions, you must find the defendant not guilty of that offense.

If you do find the defendant, Carl Stinson, guilty of maintaining a public nuisance, you will assess and declare the punishment at a fine fixed by you but not to exceed one hundred dollars ($100).

■ The foregoing instruction is violative of MAI–CR2d 2.04 (see Notes on Use, Note 2, Fourth) in that in addition to essential elements of the offense (not submitted in numbered paragraphs), the instruction refers to the jury's finding appellant did violate ordinance 13–16 as defined in ordinance 13–15a. The jury is to be only concerned with finding the facts which the court tells it are necessary to be found in order to make a finding of guilty. The above is clearly erroneous and prejudicial as it is not in conformity with MAI–CR2d as

required by Rule 28.02. By nature, this matter is subject to Rule 28.02 in that prosecutions for the violation of a municipal ordinance are civil and not criminal proceedings in the constitutional sense, *City of St. Louis v. Brune Management Co., Inc.,* 391 S.W.2d 943 (Mo.App.1965), but such proceedings have certain quasi-criminal aspects, *City of Fredericktown v. Hunter,* 273 S.W.2d 732 (Mo.App.1954), and our rules of criminal procedure are applicable thereto. *Kansas City v. Bradley,* 420 S.W.2d 68 (Mo. App.1967). The instruction is judicially determined to be prejudicial. Rule 28.02(e).

The cause is reversed and remanded.

All concur.