STATE ex rel. Wanda ESTILL, Relator,

v.

Honorable Robert A. IANNONE, Judge,
Sixteenth Judicial Circuit, Associate
Division, Respondent.

No. 66198.

Supreme Court of Missouri,
En Banc.

April 2, 1985.

Steve Hobson, Michael Thompson, Legal Aid of Western Mo., Kansas City, for relator.

Michael E. Dailey, Richard Ward, George Sharp, Kansas City, for respondent.

## ORIGINAL PROCEEDING IN PROHIBITION

GUNN, Judge.

This is an original proceeding for extraordinary writ. The question presented is whether the relator, convicted in municipal court of violating a city ordinance, is entitled to a trial by jury upon her appeal to the circuit court.[1] We hold that relator is entitled to a jury trial and grant relief by means of peremptory writ of prohibition.

The facts are not in dispute. Relator was arrested on three separate occasions and charged with violating § 26.30.1 of the Code of General Ordinances of Kansas City for trespassing on property owned by the University of Missouri at Kansas City. She subsequently was convicted of all three counts in a consolidated non-jury trial in the Kansas City Municipal Division of the Sixteenth Judicial Circuit.

 Following her conviction, relator sought a trial de novo in the circuit court, pursuant to Rule 37.78 and § 479.200, RSMo 1978. The cases were assigned to respondent, an associate circuit judge. After several continuances, the cause was set for trial, and on the trial date the relator's attorney submitted a written request for a jury trial. That request was denied, and the cause again was continued to permit the relator to seek relief by way of extraordinary writ.

At the outset, it is necessary to distinguish *State ex rel. Cole v. Nigro,* 471 S.W.2d 933 (Mo.banc 1971), *appeal dismissed,* 404 U.S. 804, 92 S.Ct. 122, 30 L.Ed.2d 36 (1971), *reh'g denied,* 404 U.S. 960, 92 S.Ct. 309, 30 L.Ed.2d 278 (1971), which holds that there is no constitutional right to a jury trial in a municipal ordinance violation proceeding. The present case concerns the relator's right to a jury trial upon appeal, rather than in an initial proceeding. And here no constitutional provisions are addressed. Instead, this Court is satisfied that under the pertinent statute, the rules of procedure and prior decisions, the relator is entitled to a jury trial, and her request for that procedure must be granted.

Our analysis begins with reference to the hoard of appellate decisions which state that upon the docketing of an appeal in the circuit court, the case is governed by the rules of criminal procedure. *See e.g., St. Louis County v. Roth,* 647 S.W.2d 922, 923 (Mo.App.1983); *City of Richmond Heights v. Buehler,* 644 S.W.2d 390, 391 (Mo.App. 1982); *City of Cameron v. Stinson,* 633 S.W.2d 437, 439 (Mo.App.1982); *City of Mexico v. Merline,* 596 S.W.2d 475, 476 (Mo.App.1980); *Kansas City v. Rowell,* 548 S.W.2d 236, 236–37 (Mo.App.1977). Similarly, Rule 37.84 states that cases appealed

---

1. We recognize that there exists a conceptual difference between the terms "appeal" and "trial de novo." Caselaw, however, uses the terms interchangeably, which we do here for the purpose of convenience. For a discussion *see Hloben v. Henry,* 660 S.W.2d 431 (Mo.App.1983).

from a municipal division to the circuit court "shall be heard, tried and determined de novo in such circuit or other court *as though the prosecution had originated in such court."* (Emphasis added). If the rules of criminal procedure are to be employed in a trial de novo on the circuit level, then this must include the right to a trial by jury by reason of criminal procedure Rule 27.01, which states in pertinent part:

(a) All issues of fact in any criminal case shall be tried by a jury to be selected, summoned and returned in the manner prescribed by law, unless trial by jury be waived as provided in this rule.

We note, however, that municipal ordinance violations are more akin to misdemeanors or infractions as designated by §§ 556.016.2 and 556.021, RSMo 1978, vis-a-vis felonies. Therefore, the proper procedure calls for the appellant to request a jury trial, as delineated in § 543.200, RSMo 1978.[2] In other words, trial by jury is not automatic, and if the appellant does not make written demand for a jury trial, the case may be bench tried.[3] As mentioned, the relator did make a request for a jury.

Our ruling in this case is consistent with prior decisions holding that it is error to deny a jury request in a trial de novo on appeal from a municipal court conviction. *City of St. Louis v. Walker,* 309 S.W.2d 671 (Mo.App.1958), and *City of St. Louis v. Moore,* 288 S.W.2d 383 (Mo.App.1956). The respondent agrees that the holdings of *Walker* and *Moore* are based on an interpretation of statutes and rules extant at that time. But, so argues the respondent, those cases should no longer serve as precedent, since the relevant statutes dis-

cussed in those cases have been repealed in favor of more recent legislative enactments.

Respondent contends that the relator's right to a jury trial has been abrogated due to the legislature's adoption of § 479.200.2, RSMo 1978, which confers the right of trial de novo in appeals from municipal ordinance convictions but says nothing about a jury trial. That provision reads as follows:

[E]xcept where there has been a plea of guilty or the case has been tried with a jury, the defendant shall have a right to trial de novo before a circuit judge or upon assignment before an associate circuit judge.

Respondent urges that the above provision sets forth not only the level to which an appeal may be taken from initial trial but also mandates that the trier of fact on that appeal can only be a circuit judge or associate circuit judge and not a jury. That is not so.

Proper statutory construction requires that the legislative intent and meaning of the words used in a statute are to be derived from the general purposes of the legislation, the condition which was sought to be remedied, as well as the circumstances which existed at the time of the enactment. *Sermchief v. Gonzales,* 660 S.W.2d 683, 688 (Mo.banc 1983). In this case, the purpose of the legislation and the condition sought to be remedied readily can be determined by reference to our state constitution and to the laws as they existed prior to 1978.

■ Previously, there were numerous statutes pertaining to appeals from police

---

**2.** Sec. 543.200:

After the plea of the defendant has been entered, if he plead not guilty, the defendant or prosecuting witness, or prosecuting attorney, may demand a jury; but if no jury be demanded, the case may be tried by the associate circuit judge. In the event a jury trial is requested, the associate circuit judge shall certify the case for assignment and the cause shall be assigned for a trial upon the record in the same manner as provided for civil cases in section 517.520, RSMo.

**3.** It might also be argued that Rule 27.01, which specifically refers to "criminal" cases, is inapplicable, since prosecutions for municipal ordinance violations are technically civil in nature. *City of Cameron v. Stinson,* 633 S.W.2d at 439. But, such proceedings have quasi-criminal aspects, and even if they do not rise to the level of a criminal prosecution, they are so closely related, and the consequences are so nearly identical with those of a conviction for a crime, that the rules of criminal procedure have been held applicable. *City of Clayton v. Nemours,* 237 Mo. App. 167, 164 S.W.2d 935, 938 (1942).

and municipal courts which were diverse in design.[4] As a part of the structural reorganization of the judiciary, which was mandated by amendment to article V of the Missouri Constitution in 1976, this farrago of statutes was repealed and replaced with § 479.200, RSMo 1978. But, there is no evidence that the enactment of this later provision was intended to do more than consolidate the earlier laws and create some uniformity in the description of the lower courts as well as standardize the procedure to be used in obtaining an appeal from these courts. Mo.Const. art. V, § 23 specifically preserves the practice and procedure used on appeal in the circuit court:

> Until otherwise provided by law, or supreme court rule, the practice, procedure, right to and method of appeal before and from municipal judges shall be as heretofore provided with respect to municipal courts.

In adopting § 479.200, RSMo 1978, the General Assembly made no mention of deleting the right to a jury trial upon appeal from the municipal division. In light of the legislative objective to achieve judicial restructuring, we cannot presume by mere implication that this right to a jury trial has been eliminated.

On behalf of respondent, the argument is forwarded that the innovation of jury procedures in trial de novo appeals for minor offenses asks too much of the judicial department and its participants. However, this is not a new procedure but one adopted and consistently utilized since the *Moore* decision in 1956. Additionally, it is manifestly more worthy for this Court to perpetuate a procedure, charged as being laborious, than to delete a legislative grant on nothing more than innuendo.

■ It appears that by denying the relator's request for a jury trial, the trial court would be acting outside its jurisdiction. Hence, prohibition is the appropriate remedy to be applied. *State ex rel. Eggers v.*

*Enright,* 609 S.W.2d 381, 382 (Mo.banc 1980); § 530.010, RSMo 1978. "Prohibition will lie where a right to a jury trial is improperly denied." *XLNT Corp. v. Municipal Court of Kansas City,* 546 S.W.2d 6, 7 (Mo.banc 1976).

The alternative writ in mandamus heretofore issued is quashed. A rule of prohibition is granted and made peremptory.

RENDLEN, C.J., and WELLIVER, HIGGINS, BILLINGS and BLACKMAR, JJ., concur.

DONNELLY, J., dissents in separate opinion filed.

DONNELLY, Judge, dissenting.

In *State ex rel. Morasch v. Kimberlin,* 654 S.W.2d 889, 891 (Mo.banc 1983), this Court held that prohibition will lie to prevent an excess of jurisdiction but "that we should not continue the unfettered use of the writ of prohibition to allow interlocutory review of trial court error."

In *State ex rel. McNary v. Hais,* 670 S.W.2d 494, 497 (Mo.banc 1984), this Court held that prohibition will lie where "[r]elators do not have adequate remedy by way of appeal."

In this case, the trial court has jurisdiction and there is an adequate remedy by way of appeal. In my view, prohibition does not lie.

I respectfully dissent.

---

**4.** Sections 98.025; 98.040.2; 98.280; 98.460; 98.-630, RSMo 1969.