Dear Representative Scoville:
This opinion is in response to your question asking if defendants found to be in violation of municipal or county ordinances are to be adjudged with a $36.00 penalty under the new version of the Crime Victims' Compensation Law.
Section 595.045.1 of Senate Committee Substitute for House Bill No. 715, Eighty-Third General Assembly, First Regular Session (corrected version) (hereinafter sometimes referred to as "S.C.S.H.B. 715") provides:
 1. There is established in the state treasury the "Crime Victims Compensation Fund." If a defendant is found guilty of violating a criminal law of this state except traffic offenses other than alcohol related traffic offenses and he is:
 (1) Sentenced to a term of imprisonment, whether or not execution of the sentence if [sic] suspended; or
(2) Sentenced to pay a fine; or
 (3) Given a suspended imposition of sentence, whether or not placed on probation; or
 (4) Given a period of detention as a condition of probation; or
 (5) Placed under the supervision of the state board of probation and parole or a county parole officer; the court shall enter judgment of thirty-six dollars against the defendant in favor of the state of Missouri. Willful failure of the defendant to satisfy such judgment shall be cause for revocation of probation, parole, or conditional release. The clerk of the court processing such funds shall pay over to the state treasury the sum of thirty-five dollars to the crime victims' compensation fund and shall retain one dollar to defray expenses incurred in handling such funds. Nothing herein shall be construed to limit the power of the court to order additional forms of restitution including public or charitable work or reparation to the victim, to the crime victims' compensation fund, or otherwise as authorized by law. [Emphasis added.]
The above provisions differ substantially from repealed Section 595.045.1, RSMo Supp. 1984, as enacted in 1984, which specifically included all alcohol related traffic offenses.
Section 595.010.2 of S.C.S.H.B. 715, which is identical to repealed Section 595.010.2, RSMo Supp. 1984, states:
 2. As used in sections 595.010 to 595.070, the term "alcohol related traffic offense" means those offenses defined by sections 577.005, 577.008, 577.010, 577.012, RSMo, and any county or municipal ordinance
which prohibits operation of a motor vehicle while under the influence of alcohol. [Emphasis added.]
Although quasi-criminal in nature, prosecutions for the violation of municipal ordinances are in the nature of civil actions for the recovery of a penalty. City of Webster Groves v.Quick, 319 S.W.2d 543, 545 (Mo. 1959), transferred, 323 S.W.2d 386
(Mo.App. St. L. 1959); City of Cameron v. Stinson, 633 S.W.2d 437
(Mo.App. W.D. 1982). A prosecution for the violation of a municipal ordinance is not a "criminal law of this state". Section 595.045.1 of S.C.S.H.B. 715.
The problem is that the phrase "alcohol related traffic offense" is specifically defined to include municipal and county ordinances. Section 595.010.2 of S.C.S.H.B. 715. Section595.045.1 of S.C.S.H.B. 715 indicates that the $36.00 judgment should be entered against those found guilty of violating a criminal law of this state including alcohol related traffic offenses.
As Section 595.010.2 of S.C.S.H.B. 715 provides a list of those offenses that are alcohol related traffic offenses, we must determine from the context of that term as used in Section595.045.1 of S.C.S.H.B. 715 whether the General Assembly intended to include the full list of alcohol related traffic offenses or whether it intended to include only criminal alcohol related traffic offenses. From the language used, we believe that the General Assembly intended to assess the $36.00 judgments against defendants found guilty of criminal alcohol related traffic offenses, not civil alcohol related traffic offenses. This is because the term "alcohol related traffic offense" follows and is qualified by the phrase "criminal laws of this state". Thus, despite the definition of the phrase "alcohol related traffic offense" in Section 595.010.2 of S.C.S.H.B. 715, we conclude that Section 595.045.1 of S.C.S.H.B. 715 does not authorize the assessment of $36.00 judgments against defendants found to be in violation of municipal or county ordinances, including alcohol related traffic offense ordinances.
This office is concerned that the legislation did not go far enough to apply the $36.00 judgment to all alcohol related traffic offenses. I would support corrective legislation to carry the effort further into the municipal and county areas.
CONCLUSION
It is the opinion of this office that defendants found to be in violation of municipal or county ordinances, including alcohol related traffic offense ordinances, are not to be assessed the $36.00 judgment provided for in Section 595.045.1 of Senate Committee Substitute for House Bill No. 715, Eighty-Third General Assembly, First Regular Session (corrected version).
Very truly yours,
 WILLIAM L. WEBSTER Attorney General