STATE of Missouri ex rel. Trisha
WILLIAMS, et al., Relators,

v.

The Honorable Thomas K. McGUIRE,
Judge of the Circuit Court of Greene
County, Missouri, Division 4, Respondent.

No. 16389.

Missouri Court of Appeals,
Southern District,
Division One.

Oct. 2, 1989.

Carl E. Yates, Carson W. Elliff, Yates, Mauck, Bohrer, Elliff & Croessmann, P.C., Springfield, for relators.

Thomas Y. Auner, Jerry M. Kirksey, Woolsey, Fisher, Whiteaker & McDonald, Springfield, for respondent.

CROW, Presiding Judge.

This original proceeding in prohibition was commenced in this court by parties seeking to bar respondent, a circuit judge of the Circuit Court of Greene County, from enforcing an order by which he made absolute an earlier preliminary order in prohibition he had undertaken to issue against an associate circuit judge of that court. We issued a preliminary order in prohibition (1) barring respondent from enforcing his absolute order until further directive from us, and (2) commanding respondent to file his answer to the relators' petition by a specified time. Respondent filed a timely answer, and the cause has now been briefed by all parties. For the reasons that follow, we quash our preliminary order in prohibition.

The saga began when Douglas Toyota III, Inc. ("Douglas") filed a petition in replevin in the Circuit Court of Greene County. The petition named as defendants Trisha Williams and Bobby R. Daniels, Jr., and averred that in April, 1989, Douglas entered into an "order" with the defendants whereby the defendants agreed to buy a Honda automobile from Douglas. The transaction, pled the petition, was to be a "credit purchase" and was contingent on "finance or bank approval." If such approval could not be obtained, said the petition, Douglas had the option to terminate the order, in which event the defendants were obliged to return the Honda. The petition alleged that due to the defendants' credit rating the necessary approval had not been obtained, that Douglas had consequently notified the defendants that Douglas had exercised its option to terminate the

order and had demanded return of the Honda, and that the defendants had refused to return it. The petition sought, among other relief, an immediate order to the defendants for return of the Honda.

The suit was assigned by the presiding judge of the Circuit Court of Greene County to Division 21 of that court. The judge of that division is Honorable Bob J. Keeter, an associate circuit judge. Judge Keeter promptly entered an order commanding the defendants to surrender the Honda, and directing the sheriff to take it from them if they refused to do so. Douglas obtained possession of the Honda per the order.

Two weeks later Judge Keeter, at the request of the defendants per Rule 99.09,[1] conducted a hearing to determine Douglas' right to possession of the Honda pending trial on the merits. At the conclusion of the hearing Judge Keeter entered the following finding on his docket sheet: "Plaintiff held not entitled to repossess. Defs entitled to possession."

The next day Douglas filed an action in the Circuit Court of Greene County styled: *"State of Missouri, ex rel., Douglas Toyota, III, Inc., Relator, vs. The Honorable Bob Keeter, Judge of the Associate Circuit Court of Greene County, Missouri, Division 21, Respondent."* [2] That action was assigned number CV189–1055CC4. We henceforth refer to it as "case 1055." The petition in case 1055 recited the developments in the replevin suit and alleged that Judge Keeter's "[o]rder of redelivery" [3] constituted an abuse of discretion and irreparable harm would be caused to Douglas if the Honda were redelivered to Williams and Daniels. The petition in case 1055 prayed for a preliminary writ of prohibition barring Judge Keeter from granting the request of Williams and Daniels for redelivery of the Honda, and for an order "to stay the proceedings until the action is finally determined."

Case 1055 was assigned to Division 4 of the Circuit Court of Greene County. The judge of that division is Honorable Thomas K. McGuire, Jr., a circuit judge. Judge McGuire immediately issued a preliminary order in prohibition, the face of which states it is directed "to Defendants Trisha Williams and Bobby R. Daniels, Jr." Neither was named as a party in case 1055. The order directed that a pleading be filed to the petition in case 1055, and stated: "You are ordered to refrain from all action in the premises until further order."

Three days after the preliminary order was issued in case 1055 Judge Keeter filed an answer.[4] It averred, among other things, that the purpose of a writ of prohibition is to prevent a judge from acting without jurisdiction, and that such a writ should not be used for correction of alleged or anticipated judicial errors which may be adequately redressed in the ordinary course of judicial proceedings. The answer maintained that Judge McGuire's preliminary order in prohibition should be dissolved and that any request for a "permanent writ" should be denied.

On May 23, 1989, the day after Judge Keeter's answer was filed, Judge McGuire conducted a hearing in case 1055. Douglas appeared by its attorneys of record; Judge Keeter appeared by his attorney of record.[5] The parties stipulated that the "legal issue in question" was whether Judge Keeter had abused his discretion in the replevin suit "to the extent that [he] acted in excess of [his] lawful jurisdiction in ordering re-delivery of the [Honda] based upon [his] in-

1. Rule references are to Missouri Rules of Civil Procedure (20th ed. 1989).

2. We point out, as we did in *State ex rel. McNaul v. Bonacker,* 711 S.W.2d 566, 569 (Mo.App. 1986), that there is no "Associate Circuit Court" in the Missouri state court system. Mo. Const. art. V, § 1 (1945, amended 1976) provides: "The judicial power of the state shall be vested in a supreme court, a court of appeals consisting of districts as prescribed by law, and circuit courts."

3. If Judge Keeter issued an order apart from his docket entry no copy of it appears in the documents supplied us.

4. The answer was signed by the lawyer who had represented Williams and Daniels at the Rule 99.09 hearing in the replevin suit.

5. Footnote 4, *supra.*

terpretation of the sale documents after a hearing pursuant to Rule 99.09 . . . ."

Judge McGuire made the following entry on his docket sheet: "Parties file stipulation & request ruling on permanent writ in prohibition. Court finds Resp. Judge has exceeded his jurisdiction & that no appeal right exists. Writ made absolute."

A week later Williams, Daniels and Judge Keeter, as relators, commenced the instant prohibition proceeding in this court, seeking a writ from us barring Judge McGuire from enforcing his "Writ of Prohibition" in case 1055. We issued a preliminary order in prohibition as explained in the first paragraph of this opinion.

Simultaneously with the filing of his answer to the relators' petition, Judge McGuire filed a motion to dissolve our preliminary order in prohibition, accompanied by suggestions. Nowhere in the answer, the motion, or the suggestions was any attention given to the subject of whether prohibition was the proper method of obtaining review in this court of Judge McGuire's order of May 23, 1989. The subject was likewise ignored in all parties' briefs. We have nonetheless determined that the matter must be considered *sua sponte.*

Section 530.080, RSMo 1986, provides:

"Any final judgment in prohibition shall be reviewable by a motion for a new trial, and by appeal, as in other civil actions . . . ."

In *XLNT Corp. v. Municipal Court of Kansas City*, 546 S.W.2d 6 (Mo. banc 1976), the Supreme Court of Missouri entertained a direct appeal from a peremptory writ of prohibition issued by a circuit court to a municipal court, citing § 530.080, RSMo 1969, which in all respects pertinent here was carried forward unchanged in RSMo 1986. In *State ex rel. Moran v. McNeal*, 558 S.W.2d 218 (Mo.App.1977), the Eastern District of this court entertained a direct appeal from an order of a circuit court making permanent a writ of prohibition it had issued to a board of police commissioners.

In *State ex rel. Munn v. McKelvey*, 733 S.W.2d 765, 771[15] (Mo. banc 1987), the Supreme Court of Missouri held:

"Prohibition lies only where an act in excess of jurisdiction is clearly evidenced, e.g., *State ex rel. Clem Trans. Inc. v. Gaertner*, 688 S.W.2d 367, 368 (Mo. banc 1985), *and where there is no adequate remedy by way of appeal*, e.g., *State ex rel. McNary v. Hais*, 670 S.W.2d 494, 496–97 (Mo. banc 1984)." (emphasis added)

Nothing in the record before us suggests that the parties aggrieved by Judge McGuire's order of May 23, 1989, do not have an adequate remedy by appeal. Their only problem is that the time specified by Rule 81.04(a) for filing a notice of appeal has expired while the instant prohibition proceeding has been pending here. However, inasmuch as they obviously assumed we would, in this prohibition proceeding, review Judge McGuire's order, their failure to file a timely notice of appeal cannot be said to constitute culpable negligence. As the time for application for leave to file a late notice of appeal under Rule 81.07(a) has not yet expired, that avenue is open for obtaining review by appeal.

Our preliminary order in prohibition is quashed; the petition for writ of prohibition is denied.

HOLSTEIN, C.J., and GREENE, J., concur.